Donald Lee **KIRBY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39729.

Court of Criminal Appeals of Texas.

Oct. 5, 1966.

Robert B. Maloney, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert H. Stinson, Jr., John H. Stauffer and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is the unlawful possession of heroin; the punishment, 15 years.

Sentence was pronounced and notice of appeal given on December 30, 1965.

The evidence admitted to the jury shows that A. L. Edwards, Detective for the City of Dallas, and his partner, Detective J. R. Helm, obtained a warrant to search an apartment in Irving, Dallas County. Accompanied by other Dallas police officers, they went to the Police Department in Irving where they were joined by Irving Police Detective John W. Looper and they proceeded to the apartment.

No one answered when they knocked. Officer Looper then went to the manager of the apartments and obtained a key. The officers then entered and searched the apartment.

While the search was in progress appellant came to the apartment, inserted a key in the door lock and entered. He was stopped by the officers as he started back out the door, at which time Detective Edwards saw a disposable hypodermic syringe in his shirt pocket.

Upon searching appellant, Detective Edwards found four capsules in his shirt pocket.

The content of one of the capsules was shown by chemical analysis to be heroin.

We do not agree with appellant's contention that the arrest and search of appellant were unlawful. In the execution of the search warrant the Dallas officers acted with an officer of the City of Irving.

Dallas Detective A. L. Edwards, who made the arrest and found the heroin in appellant's pocket, testified in the jury's absence that he saw a hypodermic syringe in appellant's pocket; that he observed appellant and formed the opinion that he was under the influence of narcotics and there was what appeared to be a fresh "needle track" on his arm, and that appellant told him "he just fixed" the capsule that was almost empty—meaning "he had shot it into his arm."

Officer Edwards further testified that he gave the search warrant to Irving Detective Looper before the apartment was entered and got it back and showed it to appellant immediately after his entrance into the house.

■■ The trial court did not err in admitting the evidence obtained as the result of the arrest and search of appellant.

The evidence is sufficient to sustain the conviction and no reversible error appears in the record.

The judgment is affirmed.