**Ex parte Donald Lee KIRBY.**

**No. 46442.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Rehearing Denied April 18, 1973.

Donald Lee Kirby, pro se.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a post-conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P.

Petitioner was convicted of unlawful possession of heroin and his punishment was assessed at 15 years. The judgment was affirmed by this court in Kirby v. State, Tex.Cr.App., 406 S.W.2d 443.

Briefly, two detectives for the City of Dallas obtained a search warrant to search an apartment in Irving, Dallas County. Accompanied by other Dallas police officers, they went to the Police Department in Irving, where they were joined by an Irving Police detective, and they proceeded to the apartment.

No one answered when they knocked. They obtained a key from the manager of the apartments, entered and searched the apartment. While the search was in process petitioner came to the apartment, inserted his key in the door lock and entered. He was stopped by the officers as he started back out the door. A cursory search revealed a disposable hypodermic syringe in his shirt pocket. A further search produced four capsules of heroin which were introduced over objection at his trial.

Petitioner, by his pro se writ of habeas corpus, complains that the affidavit does not reflect adequate probable cause and sufficient underlying circumstances to satisfy the requirements of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

Petitioner's writ was filed in the Criminal District Court #5 of Dallas County, Judge Gossett presiding, on December 14, 1970. A hearing was had on petitioner's application on November 9, 1972, at which time findings of facts and conclusions of law were entered and transmitted to this court pursuant to Article 11.07, V.A.C.C.P. It was the recommendation of the trial court to deny the application.

Petitioner was represented by retained counsel both at trial and on appeal. At the beginning of trial, a motion was filed to suppress "any evidence seized as a result of the search of defendant's premises or any other premises where the defendant is supposed to have lived until the admissibility of such evidence has been ruled upon by the Court outside the presence of the jury." The motion was granted.

Testimony was heard with regard to the admissibility of the evidence as a result of the search. A general objection was made that "the affidavit stating probable cause, upon which a magistrate would issue a search warrant, is insufficient." The reasons for its insufficiency were not the same as those complained of before us now. His objection was overruled and the evidence resulting from the search was admitted.

On appeal, petitioner urged but one ground of error, that being: "The trial court erred reversibly in admitting into evidence the proceeds of an illegal search and seizure of the appellant." His argu-

ment in support of this ground of error was that the City of Dallas police officers had no authority to make a search of premises outside the territorial limits of their jurisdiction. This contention was met and overruled in this court's opinion in Kirby v. State, supra. The sufficiency of the affidavit was not challened.

Without reaching the question of whether petitioner's objection at trial was sufficient to preserve the error now complained of, the failure to raise the question of the sufficiency of the affidavit on direct appeal is tantamount to an abandonment of that complaint. Connally v. State, Tex.Cr. App., 492 S.W.2d 578 (1973). The same will not be considered for the first time on a writ of habeas corpus under Article 11.-07, supra.

The petition is denied.