IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. 74,964 




EX PARTE ERIC LADON GRIGSBY, Applicant







ON APPLICATION FOR WRIT OF HABEAS CORPUS 

FROM SMITH COUNTY



 Keller, P.J., delivered the opinion of the Court. Meyers, J., did not participate. 

 

O P I N I O N



 Applicant pled guilty to the felony offense of robbery and was sentenced to twenty years imprisonment and fined $5,000.
Applicant did not perfect an appeal. However, Applicant now challenges his conviction in an application for a writ of habeas
corpus transferred to this Court by the Clerk of the trial Court pursuant to Article 11.07, Section 3, of the Texas Code of Criminal
Procedure. (1) Applicant raises the following grounds for relief: (1) the evidence is insufficient to support his conviction; (2) his
conviction was obtained in violation of the Fourth Amendment of the United States Constitution because the evidence was seized
pursuant to an unlawful arrest; (3) the State failed to disclose favorable evidence in violation ofBrady v. Maryland; (2) and (4) trial
counsel rendered ineffective assistance. 

 We find that Applicant is not entitled to relief. In our writ jurisprudence, it is well-established that a challenge to the sufficiency of
the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas. (3) As
such, Applicant's first ground for relief is denied. In denying Applicant's attack on the sufficiency of the evidence, we take this
opportunity to clarify our disposition of habeas corpus applications where an applicant advances a challenge to the sufficiency of
the evidence and we deny the application without written order. In Ex parte Torres, (4) addressing whether the applicant's
subsequent petitions were barred under Article 11.07, Section 4, of the Texas Code of Criminal Procedure, we determined that
"a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to
consider the claim for reasons unrelated to the claim's merits." However, we also held that "[a] disposition is related to the merits if
it decides the merits or makes a determination that the merits of the applicant's claims can never be decided." (5) A challenge to
the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim. 
Therefore, today, we reaffirm our holding that where an applicant challenges the sufficiency of the evidence on an application for
a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's
sufficiency claim was denied because the claim is not cognizable.

 With regard to Applicant's remaining claims, we find that relief is not warranted. Applicant's second ground for relief, his
challenge to the legality of the search and seizure conducted by law enforcement officers, is denied because Applicant forfeited
his claim by failing to raise it on direct appeal. (6)Finally, after reviewing the merits of Applicant's third and fourth grounds for relief,
we find that Applicant has failed to meet his burden of proof. (7) Based on the foregoing reasons, the instant application is denied. 

 
 KELLER, Presiding Judge

DATE DELIVERED: June 23, 2004

PUBLISH

1. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

2. Brady v. Maryland, 373 U.S. 83, 87 (1963).

3. Ex parte Williams, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); Ex parte Easter, 615 S.W.2d 719, 721 (Tex. Crim. App.
1981).

4. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

5. Id. (emphasis added). 

6. Ex parte Kirby, 492 S.W.2d 579, 581 (Tex. Crim. App. 1973) (denying relief where the applicant challenged the legality of a
search and seizure on an application for a writ of habeas corpus because "the failure to raise the question of the sufficiency of the
affidavit on direct appeal is tantamount to an abandonment of that complaint.") (citing Connally v. State, 492 S.W.2d 578, 578
(Tex. Crim. App. 1973)). 

7. Ex parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995).