

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00052-CR

EX PARTE
SARAH ELIZABETH WESTFALL

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. C-3-010301-1250231-AP

----------

## MEMORANDUM OPINION[1]

----------

Appellant Sarah Elizabeth Westfall appeals from the denial of habeas corpus relief. For the reasons stated below, we affirm the trial court's order denying habeas relief.

Appellant entered an open plea of guilty to and was convicted of felony driving while intoxicated (DWI). Her appeal was dismissed on her own motion.[2]

---

[1]See Tex. R. App. P. 47.4.

[2]See Westfall v. State, No. 02-12-00571-CR, 2013 WL 3247286 (Tex. App.—Fort Worth June 27, 2013, no pet.) (mem. op., not designated for publication).

When she filed her application for writ of habeas corpus, she was on community supervision, serving a ten-year term for felony DWI, probated for six years.

Appellant sought habeas corpus relief in light of *Missouri v. McNeely*[3] on the ground that her guilty plea was involuntary because when she entered it, she was unaware that the blood test results were inadmissible since her blood had been drawn involuntarily and without a warrant. She stated in the affidavit accompanying her application that, had she known the blood results were not admissible, she would not have pled guilty because she did not really think she was guilty. Appellant, who was represented by counsel in the DWI case, did not file a motion to suppress, nor did she attack the constitutionality of the blood draw in any way before she pled guilty. She also did not explain in her application why she could not have raised the constitutionality issue before she pled guilty. She merely stated in her affidavit that her plea was involuntary because she would have gone to trial rather than pleading guilty but for the blood test results showing that her blood alcohol level was above .08.

Appellant's brief complaining of her conviction and sentence was due in the Second Court of Appeals on May 28, 2013. *McNeely*, holding that results of a blood test after an involuntary, warrantless blood-draw are inadmissible, was decided on April 17, 2013, over one month before Appellant's brief was due.[4]

---

[3]133 S. Ct. 1552 (2013).

[4]*Id.* at 1563, 1568.

2

Instead of raising the issue on direct appeal,[5] Appellant asked that her appeal be dismissed, and it was dismissed on June 27, 2013.[6]

The trial court adopted the findings and conclusions proposed by the State, holding in part,

26. Because the law was not well settled that a warrantless blood draw taken pursuant to the implied consent statute did not violate the Fourth Amendment, Applicant was required to file a motion to suppress or object in the trial court to preserve the issue for appellate review.

27. "(A) defendant has not waived his right to assert a constitutional violation by failing to object at trial if at the time of his trial the right had not been recognized." *Mathews v. State*, 768 S.W.2d 731, 733 (Tex. Crim. App. 1989) (quoting *Ex parte Chambers*, 688 S.W.2d 483[, 486] (Tex. Crim. App. 1984) (Campbell, J., concurring))[, *cert. denied*, 474 U.S. 864 (1985)].

28. *McNeely* held that . . . "the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." . . .

29. The constitutional right at hand is a Fourth Amendment right to be free from warrantless searches. *See, e.g.*, *Brimage v. State*, 918 S.W.2d 466, 500 (Tex. Crim. App. 1994)[, *cert. denied*, 519 U.S. 838 (1996)].

30. *McNeely* does not create a new constitutional right. . . .

31. The constitutional right discussed in *McNeely* was recognized at the time of Applicant's plea.

---

[5] *See Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (noting implicitly that voluntariness of open plea of guilty may be challenged on appeal).

[6] *See Westfall*, 2013 WL 3247286, at *1.

3

32. When the constitutional claim is "sufficiently 'novel'" the contemporaneous objection requirement does not apply. *Mathews[*, 768 S.W.2d at 733].

33. Whether the blood draw, taken without a warrant, was proper under the applicable statute was discussed in *Aviles v. State* in 2012. See Application, p. 3–4; *Aviles v. State*, 385 S.W.3d 110, 116 (Tex. App.—San Antonio 2012)[(*Aviles I)*, *vacated*, 134 S. Ct. 902 (2014)].

34. The issue is not "sufficiently 'novel'" because it has been raised before *McNeely* was decided. *See* Application, p. 3–4; *Aviles [I]*, 385 S.W.3d [at] 116 . . . .

35. Applicant could have filed a motion to suppress raising this issue before her plea of guilty.

36. The contemporaneous rule applies to Applicant's claim.

37. *McNeely* claims are not preserved for appellate review if no motion to suppress the involuntary and warrantless blood draw was filed and ruled on in the trial court. *See, e.g.*, *Sneed v. State*, No. 10-13-00372-CR, 2014 WL 4792655 (Tex. App.—Waco Sept. 25, 2014, no pet.[]) (not designated for publication).

38. Failure to raise a Fourth Amendment violation "on direct appeal is tantamount to an abandonment of that complaint." . . .

38. Because Applicant did not raise that her blood was drawn in violation of her Fourth Amendment on direct appeal, even though *McNeely* had been rendered before her brief was due, she has abandoned the complaint for review.

39. Applicant's claim that her plea was involuntary due to an unconstitutional blood draw is FORFEITED.

"[B]oth federal and Texas courts have confined the scope of post-conviction writs of habeas corpus to jurisdictional or fundamental defects and constitutional claims."[7]  Appellant filed her application for writ of habeas corpus pursuant to

---

[7]*Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002).

4

Article 11.072 of the Texas Code of Criminal Procedure,[8] arguing a violation of due process under the United States Constitution. Accordingly, we consider the availability of writ relief under both the Texas statutory scheme and federal constitutional law.

We review the trial court's denial of habeas relief under an abuse of discretion standard, and we view the facts in the light most favorable to the trial court's ruling.[9] If the outcome of the ultimate question turns upon an application of legal standards, we review the trial court's determination de novo.[10] The burden of proof is on the applicant.[11] An applicant must prove her allegations by a preponderance of the evidence.[12] In addition, an applicant's sworn allegations alone are not sufficient to prove her claims.[13]

"Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law."[14] Article 11.072 establishes the

---

[8]Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015).

[9]*Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

[10]*Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

[11]*Parrish v. State*, 38 S.W.3d 831, 834 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see also Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977).

[12]*Ex parte Cummins*, 169 S.W.3d 752, 757–58 (Tex. App.—Fort Worth 2005, no pet.).

[13]*Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

[14]*Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007).

procedures for an applicant in Appellant's situation to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision."[15] The statute expressly provides that writ relief is not available "if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure."[16]

In its response to Appellant's application, the State relied in part on *Garza v. State*:

> It has become a staple in our habeas corpus jurisprudence that preservation of error is generally a prerequisite to being granted relief. . . .
>
> Like the result of forfeiture by inaction in the trial court, this Court will not review the merits of a habeas corpus claim if an applicant had the opportunity to raise the issue on appeal. *We have held that even constitutional claims are forfeited if an applicant had the opportunity to raise the issue on appeal.* This principle stemmed from the oft-quoted axiom "The Great Writ should not be used in matters that should have been raised on appeal." And "the trend of this Court has been to draw stricter boundaries regarding what claims may be advanced on habeas."[17]

Appellant argued that because the Supreme Court did not hand down *McNeely* until after she had entered her plea, she could not have raised the issue in the trial court before her plea. She further argued that she should be allowed to withdraw her involuntary plea, that her conviction should be set aside, and that

---

[15]Tex. Code Crim. Proc. Ann. art. 11.072, § 1.

[16]*Id.* § 3(a).

[17]435 S.W.3d 258, 261–62 (Tex. Crim. App. 2014) (emphasis added) (footnotes omitted).

she should be afforded her right to trial on the instant offense. She contended that she could not obtain the requested relief by means of an appeal under Article 44.02 of the Texas Code of Criminal Procedure or Rule 25.2 of the Texas Rules of Appellate Procedure. This contention is incorrect.[18]

We hold, based on the record before us, that Appellant has forfeited her complaint. It is undisputed that the blood alcohol testing was the product of a warrantless blood draw. Even if her failure to raise any complaint regarding the blood draw before she entered her plea was justified on the ground that when the issue was raised in *Aviles*, the intermediate appellate court ruled that the warrantless blood draw was admissible, Appellant has not adequately explained why she did not raise the issue on appeal after the Supreme Court of the United States rendered its decision in *McNeely*, instead of abandoning her appeal by seeking and obtaining a voluntary dismissal. We view this action as abandonment of her *McNeely* complaint.[19]

Consequently, we hold that the trial court did not abuse its discretion in denying relief. We affirm the trial court's order denying relief.

---

[18] *See Cooper*, 45 S.W.3d at 81.

[19] *See Ex parte Kirby*, 492 S.W.2d 579, 581 (Tex. Crim. App. 1973).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 14, 2015