# PD-1154-15

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## AUSTIN TEXAS

_____

| | | |
|---|---|---|
| **EX PARTE** | § | |
| **ELIANA SAUCEDO,** | § | **COURT OF APPEALS** |
| **Appellant,** | § | **NO. 05-15-00065-CR** |
| | § | |
| **V.** | § | **TRIAL COURT DOCKET** |
| | § | **NO.  WX13-90032-U** |
| **THE STATE OF TEXAS,** | § | |
| **Appellee,** | § | |

_____

## PETITION FOR DISCRETIONARY REVIEW
### FROM THE COURT OF APPEALS
### FIFTH JUDICIAL DISTRICT
### DALLAS, TEXAS

_____

**ROBERT W. BUCHHOLZ**

State Bar No. 03290600
420 S. Cesar Chavez Blvd., Suite 300
Dallas, TX 75201
Tel.   214-754-5500
Fax.   214-754-9100
bob@attorneybob.com

Attorney for Appellant
Ex parte Eliana Saucedo

RECEIVED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF THE PARTIES AND COUNSEL

**FOR APPELLANT:**

ELIANA SAUCEDO
Counsel for Appellant at Trial and on Appeal:
Robert W. Buchholz
*The Law Office of Robert W. Buchholz, P.C.*
State Bar No. 03290600
420 S. Cesar Chavez Blvd., Suite 300
Dallas, TX 75201
Tel.  214-754-5500
Fax. 214-754-9100
bob@attorneybob.com

**FOR APPELLEE:**

THE STATE OF TEXAS
Counsel for Appellant at Trial and on Appeal:
Brian P. Higginbotham, Assistant Criminal District Attorney, Dallas  County, Texas
(at trial and on appeal)
Dallas County District Attorneys Office
133 North Riverfront Boulevard
LB-19
Dallas, Texas 75207
214-653-3625
214-653-3643
brian.higginbotham@dallascounty.org

JUDGE

At Time of Plea: The Honorable Susan Hawk
Habeas Proceeding: The Honorable Jennifer Balido
Current Judge: The Honorable Stephanie Mitchell

291st Judicial District Court
Dallas County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     2

TABLE OF CONTENTS     3

TABLE OF AUTHORITIES     4

STATEMENT REGARDING ORAL ARGUMENT     5

STATEMENT OF THE CASE     6

STATEMENT OF PROCEDURAL HISTORY     7

GROUNDS FOR REVIEW     8

ARGUMENTS     8

ARGUMENT POINT 1     11

ARGUMENT POINT 2     17

CONCLUSION     21

CERTIFICATE OF SERVICE     21

CERTIFICATE OF COMPLIANCE     22

# TABLE OF AUTHORITIES

## CASES

*Florida v. Jardines*, 133 S. Ct. 1409 (2013)  10, 18, 19

*Ex parte Banks,* 769 S.W.2d 539, 540 (Tex.Cr.App.1989)  13

*In Ex parte Grigsby,* 137 S.W.3d 673 (Tex.Crim.App. 2004)  12, 14

*Ex parte Goodman,* 816 S.W.2d 383 (Tex.Crim.App. 1991)  13, 15

*In Ex parte Kirby*, 492 S.W.2d 579 (Tex.Crim. 1973)  12, 14

*Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. Mar. 12, 2014)  16

*Ex Parte Michael Keith Boyd*, 58 S.W.3rd 134 (Tex.Crim.App. 2001)  12, 15

*Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993)  14, 15, 19, 20

*Oliver* v. *United States*, 466 U. S. 170, 180  17

*Porter v. State,* 93 S.W.3d 342, 346-47  9, 18
(Tex. App.– Houston [14th Dist.] 2002, pet ref'd)(op. on reh'g)

*Rivas v. State*, 411 S.W.3d 920, 921 (Tex. Crim. App 2013)(per curiam)  10

*Rodriguez v. State of Texas*, 106 S.W.3d 224  9, 18
(Tex.App.–Houston [1st Dist.] 2003, pet. ref'd)

*Romo v. State,* 106 S.W.3d 565, 573  9, 18
(Tex.App.–Fort Worth 2010, pet. ref'd)

*Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App 2003)  14, 15

*Silverman* v. *United States*, 365 U. S. 505, 511  17

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.7, Appellant hereby requests oral argument. Counsel is of the opinion that oral argument would serve to emphasize and clarify the important legal points regarding this Petition.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

Under Rule 68 of the Texas Rules of Appellate Procedure, Petitioner, ELIAA SAUCEDO ("Saucedo"), in the above cause, through counsel of record Robert W. Buchholz, respectfully submits this Petition for Discretionary Review and in support would show the Court the following:

## STATEMENT OF THE CASE

Appellant and Ryan Edward Schuller[1] were charged with possession of a controlled substance (marijuana, more than 4 oz.) in cause No. F11-13243-U in the 291st Judicial District Court of Dallas County, Texas, Judge Susan Hawk then presiding. Appellee pled guilty and waived his right to a direct appeal. The trial court sentenced him to three years deferred community supervision. Later, in the instant Cause No. WX13-90032-U, the Court, Judge Jennifer Balido then presiding, granted Appellant relief from her final felony conviction under art. 11.072 of the Code of Criminal Procedure.

The State appealed and in a Memorandum Opinion the Fifth Court of Appeals reversed the decision of the trial court and reinstated the order of deferred adjudication. The Court of Appeals reasoned that the right to be free from unreasonable search and seizure in ones home was not a fundamental right guaranteed by the United States

---

[1] Ryan Edward Schuller brought an identical writ application which was also granted by the Trial court, reversed by the Court of Appeals in an identical opinion and which is the subject of a Petition for Discretionary Review with this Court.

Constitution and that Appellant failed to properly preserve its Search and Seizure complaint for appellate review by entering into a plea bargain and waiving the right of a direct review even though all parties acknowledge that the basis for the Writ of Habeas Corpus was unavailable based on current Texas law at the time of the plea and that if available the evidence was obtained in violation of the protections afforded by the United States Constitution. This petition challenges that holding and urges this court to determine the right to be free of an illegal search and seizure at ones residence is a fundamental right and to analyze and decide that when a decision of the United States Supreme Court invalidates Texas case law that was so well settled on the issue so that a trial would have been futile that a later writ would be proper to challenge the illegal activities which formed the basis of the indictment.

## STATEMENT OF PROCEDURAL HISTORY

**On December 31, 2014,** the 291st District court of Dallas County, Texas in case No. WX13-90032-U entered an Order Granting Habeas Corpus Relief to Appellant.

**On June 15, 2015,** in a memorandum opinion, The Fifth Court of Appeal of Dallas reversed the decision of the trial court and reinstated the Order of Deferred Adjudication. Ex Parte Eliana Saucedo, Appeal No. 05-15-00065-CR, Court of Appeals Fifth District of Texas at Dallas, June 15, 2015.

**GROUNDS FOR REVIEW**

**POINT OF ERROR** 1

The Court of Appeals wrongfully decided that the "Right not Recognized" doctrine had been eliminated in all situations even one where a fundamental right later interpreted by the United States Supreme Court is at issue. Because of this reasoning by the Court of Appeals they wrongfully decided that bringing a habeas proceeding on an issue not available at the time of the plea was not proper and wrongfully reversed the decision of the trial court. This is error on the part of the Court of Appeals.

**POINT OF ERROR 2**

The Court of Appeals erred in finding that the bases of Appellant's position was that he was asserting a "Right not Recognized" for the first time in her habeas proceeding and further that the Court of Appeals erred in finding that Appellee did not preserve her complaint of an unlawful search in the trial court when the established law in the State of Texas was that the actions of law enforcement were not a violation of her fundamental right to privacy as guaranteed him by the Fourth Amendment to the United States Constitution.

**BACKGROUND FOR ARGUMENT**

Some background is warranted in order to fully understand the issue before the Court.

On June 15, 2011, a Carrollton Texas Police Officer executed a search warrant on 2227 Valley Mill, City of Carrollton, Dallas County, Texas. The search warrant was issued after an officer presented a probable cause affidavit that contained the following language:

> On June 13th, 2011, at approximately 1445 hours, your Affiant, Canine Office [sic] J. Sanchez #818, and his canine partner, Bosko, a trained and certified narcotics detecting canine, went to the suspected location (2227 Valley Mills). Canine Bosko conducted a free-air sniff of the suspected location's garage door. The suspected location's driveway and garage door are located in the rear of the residence, are accessible by a public sidewalk, and are not enclosed by any fencing or barrier that would prevent access by the public. Canine Bosko alerted to the presence of the order of an illegal drug while sniffing the garage door's bottom seam. . . . Bosko is trained to alert only on Marijuana, Methamphetamine, Heroin, Cocaine, and derivatives thereof.

A search warrant was issued and after the search warrant was executed, Appellant was arrested and thereafter indicted. On July 20, 2012, Appellant entered a guilty plea pursuant to a plea bargain agreement and was sentenced to a term of community supervision.

At the time of the plea the controlling law in Texas as found by three Courts of Appeals, all with petitions for discretionary review being refused by this Court, regarding free-air sniffs of the exterior of a person's residence was that a free-air sniff by a narcotics dog trained to detect certain illegal substances in the area surrounding a home known as the curtilage was not a search within the meaning of the Fourth Amendment to the United States Constitution. See *Romo v. State,* 106 S.W.3d 565, 573 (Tex.App.–Fort Worth 2010, pet. ref'd)*; Rodriguez v. State of Texas*, 106 S.W.3d 224 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd); and *Porter v. State*, 93 S.W.3d 342,

346-47 (Tex. App.– Houston [14th Dist.] 2002, pet ref'd)(op. on reh'g).

Nine months later, in *Florida v. Jardines*, 133 S. Ct. 1409 (2013) the United States Supreme Court changed the law on residential dog sniffs.

The Supreme Court described its holding in *Jardines* as follows:

> The government's use of trained police dogs to investigate the home and its immediate surroundings is a "search" within the meaning of the Fourth Amendment. *Florida v. Jardines*, 133 S. Ct. 1409, at 1417-18.

Thereafter in response to *Jardines*, Appellant filed an application for a writ of habeas corpus under art. 11.072 of the Code of Criminal Procedure. (C.R. 8-15) In her application, Appellant sought relief from her final conviction claiming that, after *Jardines*, the search of her home was unconstitutional based upon the decision in *Jardines*. More specifically, Appellant claimed that the initial dog sniff was a search conducted without a warrant, and it therefore could not support the search of her home.

The State of Texas conceded at the trial court that in a current motion to suppress or in a current direct appeal, a defendant would be successful in excluding evidence obtained as a result of a canine free-air sniff under the circumstances presented in Appellants case. In fact this Court in *Rivas v. State*, 411 S.W.3d 920, 921 (Tex. Crim. App 2013)(per curiam) vacated and remanded a case in light of *Jardines* an appellate court judgment that affirmed a denial of a motion to suppress evidence obtained as a result of a dog sniff at defendant's front door.

**POINT OF ERROR** 1

The Court of Appeals wrongfully decided that the "Right not Recognized" doctrine had been eliminated in all situations even one where a fundamental right later interpreted by the United States Supreme Court is at issue. Because of this reasoning by the Court of Appeals they wrongfully decided that bringing a habeas proceeding on an issue not available at the time of the plea was not proper and wrongfully reversed the decision of the trial court. This is error on the part of the Court of Appeals.

**ARGUMENT**

The Court of Appeals further stated that the line of cases of "Rights not Recognized" exception have been generally eliminated. However, generally eliminated is not eliminated and given the facts of the matter before the Court there is no case law eliminating such an exception.

This case, if it had been decided at the time of the Appellant's Plea, would have lead to the suppression of the evidence as the sniff by the dog at the bottom of the garage door is clearly within the curtilage of the home of Appellant. This was conceded to by the State. This search violated Appellant's rights under the Fourth Amendment to the United States Constitution.

The State in it's original response filed in the trial court stated the search and seizure issues will not be considered for the first time on habeas and they cite two cases. However, in a reading of each of these cases the remedy sought in these cases

was available at the time of the trial or plea.

In *Ex parte Grigsby*, 137 S.W.3d 673 (Tex.Crim.App. 2004) the court stated that the Applicant's challenge to the legality of the search and seizure conducted by law enforcement officers is denied because Applicant forfeited her claim by failing to raise it on direct appeal. In this case the defendant plead guilty to the felony offense of robbery and no appeal was taken. In reading the case it appears that the legality of the search could have been raised at the time of the plea therefore it was waived.

In *Ex parte Kirby*, 492 S.W.2d 579 (Tex.Crim. 1973) which is another post-conviction habeas corpus proceeding, the Applicant was found guilty after a trial. Testimony was heard about the search in that case and the Court ruled that it was admissible. Any error was not preserved for appeal. The Court held that it would not be considered for the first time on a writ of habeas corpus because it was not preserved and not presented on appeal. Again, the issue was present at the time of the trial and could have been appealed.

In both of the cases cited by The State the evidence and remedy was available at the time of the plea or trial. This is not the case with Appellant. The law in Texas was firmly established at the time of their pleas that free air dog sniffs were allowed. The United States Supreme Court later ruled that they were not.

The Court of Appeals stated that the cases of *Ex Parte Michael Keith Boyd*, 58 S.W.3rd 134 (Tex.Crim.App. 2001) which clearly states at page 136:

"... an applicant's failure to raise a claim at trial may be excused if the basis of the claim was not reasonable available at the time of trial. Citing Ex parte Goodman, 816 S.W.2d 383, 384 n.4 (Tex.Crim.App.1991).

And *Ex parte Goodman,* 816 S.W.2d 383 (Tex.Crim.App. 1991) where a person was convicted in 1981 for capital murder and sentenced to death. Her conviction and sentence was confirmed on appeal. He later brought a writ based on the Eight and Fourteenth Amendments to the Constitution under a case decided by the United States Supreme Court in 1989. The Texas Court of Appeals stated in part as follows:

> Before we address the merits of the Penry claim presented in this writ application, **we must first decide whether this issue is cognizable via a writ of habeas corpus where it is presented for the first time. [3] It is well-settled by this Court that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal.** Ex parte Banks, 769 S.W.2d 539, 540 (Tex.Cr.App.1989). Traditionally, the writ is available only to review jurisdictional defects or denials of fundamental constitutional rights. Ex parte Banks, at 540, and cases cited therein. The allegation raised by applicant implicates applicant's rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment. See Penry, 109 S.Ct. 2934 (issue cognizable via federal writ of habeas corpus). This cause is remarkably similar to the Penry case. See Penry, 109 S.Ct. at 2941. Applicant's trial attorney timely requested an additional jury instruction regarding the mitigating evidence which was denied by the trial judge. [4] **We hold the allegation is cognizable via a habeas corpus application despite applicant's failure to raise the complaint on direct appeal.**

Wherein this Court has recognized the so called "Right Not Recognized" exception for a writ of habeas corpus the Court of Appeals says this right is no longer

available under the decision in *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App 2003).

A careful review of that case shows this is not the case:

*Sanchez, id.*, says at p. 367 "The "right not recognized" exception to the contemporaneous-objection rule relates to a kind of fundamental error that is contrary to a specific act of the legislature, that *Marin* (*Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993)) generally eliminated from our jurisprudence. ..."

The facts of *Sanchez*, are that the defendant failed to properly object to the language in the charging instrument as required by the Texas Code of Criminal Procedure that was put into effect before his case. He did not preserve error at the trial Court level in accordance with then applicable law and rules. Thus, he waived his right to bring that issue on appeal for the first time. *Sanchez* is distinguishable from this case as the right to be free from a free air sniff without a warrant was contrary to the clear holdings of Texas Courts. It was a right that was not available to Appellant at the time of her plea and came into existence by the Decision of the United States Supreme Court. *Sanchez* does not address such a situation and in inapplicable to Appellant's situation. *Sanchez*, like *Ex parte Grigsby* and *Ex parte Kirby* speaks to acts that were available at the time of the case disposition and appeal, clearly not applicable to the situation before us. They speak of remedies that were available on direct appeal.

This line of cases does not in any way speak to the situation where a right clearly was not available at the time of the trial or any direct appeal and was sought later by habeas relief. *Sanchez, id.,* concerned whether there was a waiver of the right to be charged by an instrument that is free of defects, errors, and omissions. The right to object was present and allowed by law at the time of the trial and the appeal. It was not a right than became available at some future date and which was raised by habeas relief.

The Court of Appeals also relies on *Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993). Again, this case speaks to waiver of remedies that were available at trial and on direct appeal. In fact *Marin* was a direct appeal of the issue presented and stated a framework for the review of waiver of rights during the trial proceeding of a case. It does not in any manner speak to remedies that were not available at the time of trial or any subsequent direct appeal. It does not in any manner limit habeas relief under the doctrines set forth by *Ex Parte Michael Keith Boyd* and *Ex Parte Goodman* of the ability to bring a petition on items for relief on grounds that clearly were not available or even reasonable at the time the matter was dealt with by the trial court. For the Court of Appeals to make this blind leap is unreasonable and error.

At the time of Appellant's plea the law in Texas was settled and based on the facts presented was a legal search. Since the plea the United States Supreme Court

found that such a search is a violation of Appellant's Fourth Amendments Constitutional Rights which are fundamental rights guaranteed to citizens of the United States. As such, Appellant can raise the validity of the search for the first time by Writ of Habeas Corpus since the remedy was not reasonable available at the time of trial.

Further, it has been held that a change in substantive law can be applied retroactively. Substantive law is that part of law which creates, defines, and regulated rights of the people. The extension of the fourth amendment protection against unreasonable search and seizures at ones home is a substantive change in the law.

The Texas Court of Criminal Appeals held in *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. Mar. 12, 2014)(5:3:2) that *Teague v. Lane* a "new rule" applies retroactively in a collateral proceeding only if the rule is substantive or a "watershed" rule of criminal procedure. New substantive rules apply retroactively because they necessarily carry a significant risk that a defendant would face a punishment that the law cannot impose upon him because of his status or offense. Watershed rules of procedure apply retroactively because they implicate the fundamental fairness and accuracy of the criminal proceeding. But they must be one without which the likelihood of an accurate conviction is seriously diminished.

In this matter before the Court the application of the 4th Amendment to the United States Constitution because the decision implicates the fundamental fairness and accuracy of the criminal proceeding.

## POINT OF ERROR 2

The Court of Appeals erred in finding that the bases of Appellant's position was that he was asserting a "Right not Recognized" for the first time in her habeas proceeding and further that the Court of Appeals erred in finding that Appellant did not preserve her complaint of an unlawful search in the trial court when the established law in the State of Texas was that the actions of law enforcement were not a violation of her fundamental right to privacy as guaranteed him by the Fourth Amendment to the United States Constitution.

## ARGUMENT

A fundamental right of a person is her right to privacy to be safe from unreasonable searches in her home:

> At the Fourth Amendment's "very core" stands "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Silverman* v. *United States*, 365 U. S. 505, 511. The area "immediately surrounding and associated with the home"—the curtilage—is "part of the home itself for Fourth Amendment purposes." *Oliver* v. *United States*, 466 U. S. 170, 180. The officers entered the curtilage here: The front porch is the classic exemplar of an area "to which the activity of home life extends." *Id.*, at 182, n. 12. Pp. 4–5.

At the time of the plea the controlling law in Texas regarding free-air sniffs of the exterior of a person's residence was that a free-air sniff by a narcotics dog trained to detect certain illegal substances in the area surrounding a home known as the curtilage was not a search within the meaning of the Fourth Amendment to the United

States Constitution.  See *Romo v. State,* 106 S.W.3d 565, 573 (Tex.App.–Fort Worth 2010, pet. ref'd)*; Rodriguez v. State of Texas*, 106 S.W.3d 224 (Tex.App.–Houston [1ˢᵗ Dist.] 2003, pet. ref'd); and *Porter v. State*, 93 S.W.3d 342, 346-47 (Tex. App.–Houston [14ᵗʰ Dist.] 2002, pet ref'd)(op. on reh'g).  Note, all of these petitions were refused review by the Texas Court of Criminal Appeals.

Texas further stated this position in the Amici Curiae Brief filed in Case No. 11-564 in the United States Supreme Court case of *Florida vs. Joelis Jardines* that such searches were not a violation of the Fourth Amendment.  Texas, joined by 18 additional states, stated in part arguing that a free air sniff was legal:

> "Summary reversal is appropriate to "correct a clear misapprehension" of federal law, *Brosseau v. Haugen*, 543 U.S. 194, 198 n.3 (2004) (per curiam), and when the decision below is "flatly contrary to this Court's controlling precedent," *Arkansas v. Sullivan*, 532 U.S. 769, 771 (2001) (per curiam). Amici States submit that this is just such a case. See SUP. CT. R. 16.1; EUGENE GRESSMAN ET AL., SUPREME COURT PRACTICE § 5.12(a), (c) (9th ed. 2007).

> "The Florida Supreme Court's decision is "flatly contrary" to a number of this Court's decisions holding that a dog sniff is not a search. The judgment below is not saved by the court's creation of a "public spectacle" test. Rather, that test finds no support in this Court's precedent. Reliance on the "public spectacle" test thus introduced further error.

> "Summary reversal would allow the Court to reaffirm that a detection dog is an appropriate tool for law enforcement officers to use to establish probable cause during their investigations while conserving the Court's scarce resources. This remedy is especially appropriate here, to ensure that other courts do not follow the Florida Supreme Court's defiance of Caballes.

The State of Texas held the position that free air sniffs where not only legal under Texas law but Federal law as well. The Fifth Court of Appeals stated in its opinion stated that "A voluntary plea of guilty intelligently made in the light of then applicable law does not become vulnerable because later judicial decisions indicated that the plea rested on a faulty premise." This is not the case. The position of the courts of Texas were clear that free air sniffs did not violate Appellee's fundamental rights. The plea was made based on the clear law as it existed at the time in the State of Texas, an intreperation of the law that this Court three times refused review, and a position that was later proven to be incorrect. It is not the fault of Appellant to act on laws pronounced by the State and decided by Courts of this State that were improperly decided and refused review on three previous occasions.

The Court of Appeals relies on, *Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993) which states, at p. 278, "Some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system."

This Court then assigns Appellees right to be free from an unreasonable search of one's home to a right that is to be implemented upon request. However, a clear reading of the case law concerning this right shows that the right to be free from unreasonable search, especially of one's home, should be an absolute requirement and prohibition, not an elective right. As Justice Scalia stated in *Florida v. Jardines*, 133

S. Ct. 1409 (2013)

> But when it comes to the Fourth Amendment, the home is first among equals. At the Amendment's "very core" stands "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." Silverman v. United States, 365 U. S. 505, 511(1961). This right would be of little practical value if the State's agents could stand in a homes porch or side garden and trawl for evidence with impunity; the right to retreat would be significantly diminished if the police could enter a man's property to observe his repose from just outside the front window.

This Court should recognize what the clear status of the law in Texas was at the time of the plea and not penalize Appellee for making the only rational choice open to him given the circumstances and the dictates of Judge Hawk and thereby deny her of a fundamental right guaranteed by the United States Constitution to be free from unlawful searches of her home.

The Court of Appeals erred in not finding that the right to be safe from unreasonable searches in ones residence is an absolute requirement and a prohibition guaranteed by the United States Constitution that cannot be waived at the trial court level under the reasoning in *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex.Crim.App. 1993), overruled on other grounds by *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). This is error on the part of the Court of Appeals.

## Conclusion

The trial court's decision was proper when it granted Appellee habeas relief from her final felony conviction and this Court should reverse the decision of the Court of Appeals and affirm the trial court's judgment.

Respectfully submitted,

*The Law Office of Robert W. Buchholz, P.C.*

*/s/ Robert W. Buchholz*

By:

_____

Robert W. Buchholz
Texas Bar No: 03290600
bob@attorneybob.com
420 S. Cesar Chavez Blvd, Suite 300
Dallas, Texas 75201
Tel.   (214) 754-5500
Fax.   (214) 754-9100

## CERTIFICATE OF SERVICE

This is to certify that on October 5, 2015, a true and correct copy of the above and foregoing document was served on Mr. Brian P. Higginbotham, Assistant District Attorney of Dallas County, Texas, by e-mail to brian.higginbotham@dallascounty.org.

*/s/ Robert W. Buchholz*

_____

Robert W. Buchholz

## Certificate of Compliance

I certify that this brief contains 4,060 words. This word count includes all necessary parts outlined in Texas Rule of Appellate Procedure 9.4(I)(1), and it was conducted with Word Perfect version X3.

/s/ Robert W. Buchholz

_____
Robert W. Buchholz

Print this page

# Case # 05-15-00065-cr

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 10/05/2015 02:18:36 PM |
| Case Number | 05-15-00065-cr |
| Case Description | |
| Assigned to Judge | |
| Attorney | Robert Buchholz |
| Firm Name | Robert W Buchholz PC |
| Filed By | Robert Buchholz |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | Wells Fargo |
| Transaction Amount | $3.34 |
| Transaction Response | |
| Transaction ID | 11819958 |
| Order # | 007230353-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review from The Court of Appeals Fifth Judicial District Dallas, Texas |
| Reference Number | 5038.02 |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 10/07/2015 | The petition for discretionary review does not contain a copy of the court of appeals |

| Other | 02:32:51 PM | opinion [Rule 68.4(j)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| *Lead Document* | PETITION FOR DISCRETIONARY REVIEW - SAUCEDO.pdf | [Original] |