Ex Parte Robert Thomas

83,059-01,02

IN The Texas Court of Criminal APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 14 2016

Abel Acosta, Clerk

CAUSE NO. W09-61035-V(A)
CAUSE NO. W09-61036-V(A)

REQUEST FOR LEAVE OF COURT TO MOVE COURT TO TAKE JUDICIAL NOTICE ON SAID CASES (A1-A8, ATTACHED) SEE, T.R.E. 201 FN. 1

COME NOW, The DEFENDANT Robert D. Thomas Pro Se On This 8th Day of JUNE 2016 ASK The Court of Criminal Appeals TO TAKE Judicial Notice SEE,

SEE, BIRD V. STATE 927 SW2d 136, 140 [B]; 141 [9] [13] (TEX. APP. 1ST. DIST. 1996), the Court Held That A complaint (Search Affidavit) USED AS A (ART. 45.018 (A) - 45.019) CHARGING Instrument. UNLike AN INDICTMENT OR INFORMATION Did not INVOKE The Jurisdiction ON The Trial Court AND IS Void. The Court ORDERED The Prosecution Dismissed. The Court Held the Presentment of A SEARCH AFFIDAVIT, Complaint, INFORMATION OR INDICTMENT That's DEFECTIVE DOES NOT CONFER JURISDICTION to the MUNICIPAL Court, Id.

* SEE, STATE V. BLAKENSHIP 170 SW3d 676, 679, 684 [13] (TEX. APP. AUSTIN 2005), Held By HON. JOHN

FN.1. P. 2 of 21, TRIAL CT. FINDINGS of FACT citing PRO SE ART. 11.07

(1)

Onion Sitting By Assignment Held That The STATE IS _Bound_ By _The Constitutional Requisites_ until A Legislative Change, Id. 684 [:3] Relief WAS Granted Based on Art. 45.019(a)(7)(c) Violation, See, _STATE V. BLAKENSHIP_, 123 SW 3d 99, 100, 102, (Tex. App. Austin 2003), FUNDAMENTAL DEFECTS AND JURISDICTION DEFECTS MUST NOT BE IGNORED.

See, _Bird_, 136, The DEFECTIVE Art. 45.018(A) - 45.019 INSTRUMENT DOES NOT CONFER JURISDICTION UPON THE MUNICIPAL Court. FN2

See, LOFTON V. WHITLEY 905 F3d 885, 889, (5th 1990) Citing _DAVIS V. MISSISSIPPI_, 84 S. CT. 1394 (1969). The SUPREME Court HAS long Ago Held it is the Fruit of The UNLAWFUL DETENTION.

See, _DUBAI PETROLEUM CO. V. KAZI_, 12 SW 3d 71, 76 [7] (Tex. S. CT. 2000). Held That A Judgement For A Conviction IS VOID AND Will NEVER BE CONSIDERED Final IF The Court(s) LACKED JURISDICTION.

See, _Ex Parte, Moss_, 446 SW 3d 786 (Tex. Crim. App. 2014) Held Some Constitutional Right's CAN be Forfeited on HABEAS Corpus FOR LACK of ACTION BUT A _lack_ of JURISDICTION CAN NEVER BE FORFEITED.
Bird 136, 140 - 141, SUPRA.


FN2, See, _SCHINZING V. STATE_, 234 SW 3d 208 (Tex. App. Waco, 2007)

(2)

I DO HEREBY Certify That A COMPLETE Copy has
BEEN sent to the ~~DISTRI~~ Clerk of The 202 Judicial
DISTRICT Court IN Dallas. UNDER The Penalty of
Perjury. X Robert D. Thomas
     6-8-16

APPlicant PRAys That This Court will TAKE Judicial
NOTICE AND APPly the MENTIONED CASE low to
His Writ, AND REMAND TO TRIAL Court TO ADDRESS
ISSUES RAISED iN PRO SE ART. 11.07 SEE, EXHIBIT
A1 P.1 II, AIso SEE P.2 of 21 TRIAL Court
FINDINGS of FACTS AND CONCLUSIONS of LAW.

(3)

* SEE, EXHIBIT "T.R.E. 201 A1-A8

T.R.E. 201

## WRIT NO. W09-61036-V(B)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 292nd JUDICIAL |
| | § | DISTRICT COURT |
| ROBERT DESHON THOMAS | § | DALLAS COUNTY, TEXAS |

### STATE'S RESPONSE TO APPLICATION
### FOR WRIT OF HABEAS CORPUS

The State, having considered the allegations contained in Applicant's Application for Writ of Habeas Corpus in the above numbered and entitled cause, makes the following response:

### I.

### HISTORY OF THE CASE

Applicant pleaded not guilty to possession of a controlled substance with intent to deliver. The jury found Applicant guilty and the Court sentenced him to forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. His conviction was affirmed on appeal.

This is Applicant's second application for writ of habeas corpus. Applicant's first application is pending and is set for a hearing on June 4, 2015.

### II.

### ISSUES RAISED IN APPLICATION

In two issues, Applicant challenges the magistrate's authority to issue a search warrant and an arrest warrant in his case.

1

## III.

## STATE'S RESPONSE

### *Applicant's First Writ is Pending*

Applicant's first writ, filed on January 13, 2015, has not yet been resolved. The writ is set for a hearing on June 4, 2015 to address Applicant's claim of ineffective assistance. Applicant is represented by counsel on that writ. Applicant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). In the interest of judicial economy the State will nevertheless respond to Applicant's claims as if filed as an amendment to his first writ:

### *Search/Seizure*

In two issues, Applicant challenges the magistrate's authority to issue a search warrant and an arrest warrant in his case. Although it is not completely clear, Applicant appears to allege that the magistrate lacked jurisdiction to authorize the search and the arrest because the affidavits in support of the warrants were defective. Applicant did not challenge the legality of the search and seizure on direct appeal. (*See* State's Exhibit #1). Search and seizure issues will not be considered for the first time on habeas. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte Kirby*, 492 S.W.2d 579, 580-81 (Tex. Crim. 1973).

Applicant's first and second grounds for relief should be denied.

2

## IV.

## CONCLUSION

The State respectfully requests that this Court recommend the denial of Applicant's Application for Writ of Habeas Corpus and/or make such findings as will see justice done in this case.

Respectfully submitted,

**Susan Hawk**
**Criminal District Attorney**
Dallas County, Texas

*(signature)*
**Christine Womble**
**Assistant District Attorney**
State Bar No. 24035991
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625
(214) 653-3643 *(fax)*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document contains 495 words, inclusive of all content.

*(signature)*
Christine Womble

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing response was served on Applicant's counsel, David Patin, 607 N. Hampton Road, De Soto, Texas, 75115, by depositing same in the United States mail, postage prepaid, on April 16, 2015.

_____
Christine Womble

T.R.E. 201

41 Tex. Prac., Criminal Practice And Procedure § 24:1 (3d ed.)

Texas Practice Series TM
Criminal Practice And Procedure
Database updated December 2014
George E. Dix [a0], John M. Schmolesky
Chapter 24. Complaints and Charging Instruments
A. Introduction

## § 24:1. Complaints in Texas Criminal Procedure

**West's Key Number Digest**
West's Key Number Digest, Criminal Law ☞208.1 to 214
**A.L.R. Library**
**A.L.R. Index, Complaint**
**A.L.R. Index, Criminal Law**
West's A.L.R. Digest, Criminal Law ☞208.1 to 214
**Legal Encyclopedias**
Tex. Jur. 3d, Criminal Procedure: Pretrial Proceedings §§ 611 to 622

The Code of Criminal Procedure contemplates that a complaint is to be taken and filed in all cases. A prosecutor to whom a complaint is made is directed to reduce that complaint to writing, have the citizen swear to it, [1] and file it. If the offense of which complaint is made is a misdemeanor within the jurisdiction of the county courts, the prosecutor is to prepare an information and file the complaint and information in the proper court. If the offense is a felony, the prosecutor is to file the complaint with a magistrate. [2]

In actual fact, no procedural consequences follow if no complaint is prepared or filed in a felony prosecution, so the Code's provisions are somewhat unrealistic. As a matter of local practice, however, complaints may be routinely filed in felony prosecutions and may reflect prosecutors' decisions to pursue formal felony charges in the particular cases. Discussion of complaints is complicated by the Code's unfortunate failure to carefully distinguish between the various ways in which this and related terms are used. This chapter is concerned only with the role of complaints in providing bases for charging instruments. This function served by complaints is distinguishable from others contemplated by the Code. Chapter 15 of the Code provides that an arrest warrant may be issued by a magistrate upon an affidavit of any person that another has committed some offense against the law. Under Article 15.04, the affidavit "is called a 'complaint' if it charges the commission of an offense," [3] and the next article [4] sets out the formal "requisites" of a complaint. The same document may, of course, serve to support both an arrest warrant and a charging instrument. Whether a complaint is sufficient, however, differs significantly depending upon which of these two functions the State relies upon it to perform. Under Chapter 18 of the Code, a search warrant can issue only on a sworn affidavit setting forth sufficient facts to justify the issuance of such a warrant. [5] This affidavit is not formally designated a "complaint," but it may be so labeled as a matter of informal practice. Obviously, a document relied upon to support a search warrant is subject to scrutiny pursuant to much different criteria than are used for testing a complaint supporting a charging instrument. Finally, under Chapter 45, a complaint is itself the charging instrument in municipal and justice court practice. [6] A complaint used for such purposes is clearly a much different document subject to different requirements than one that is formally or informally called a complaint under the procedures described above. This chapter deals with complaints as bases for charging instruments. Care must be taken to avoid confusing case law dealing with complaints in one context with legal requirements applicable when complaints are relied upon for other purposes. Some overlaps in the requirements undoubtedly exist, but the law applicable is nevertheless different and distinguishable.

Westlaw. © 2014 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.



~~███████████~~ ,'T.R.E.201

Footnotes

a0     A. W. Walker Centennial Chair in Law, University of Texas School of Law

1      Vernon's Ann. C. Cr. P. art. 2.04.

2      Vernon's Ann. C. Cr. P. art. 2.05.

3      Vernon's Ann. C. Cr. P. art. 15.04.

4      Vernon's Ann. C. Cr. P. art. 15.05.

5      Vernon's Ann. C. Cr. P. art. 18.01(b).

6      Vernon's Ann. C. Cr. P. art. 45.018(a).

---

**End of Document**                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.



Texas Jurisprudence, Third Edition
Database updated July 2015
Criminal Procedure: Pretrial Proceedings

Tracy Bateman Farrell, J.D., Tammy E. Hinshaw, J.D., Rachel M. Kane, M.A., J.D., Mary Ellen West, J.D., and Judy E. Zelin, J.D., and also Eleanor L. Grossman, J.D., Glenda K. Harnad, J.D., and John R. Kennel, J.D. of the staff of the National Legal Research Group, Inc.

VI. Arrest and Related Police-Citizen Interaction
B. Arrest Under Warrant
1. In General

Topic Summary   References   Correlation Table

§ 250. Affidavit or complaint

**West's Key Number Digest**

West's Key Number Digest, Arrest ⬤65

**Treatises and Practice Aids**

LaFave et al., 2 Criminal Procedure § 3.3 (3d ed.) (Probable cause)

Dix and Dawson, 40 Texas Practice: Criminal Practice and Procedure § 8.21 (2d ed.) (The complaint—Requirements, in general)

Dix and Dawson, 40 Texas Practice: Criminal Practice and Procedure § 8.22 (2d ed.) (The complaint—The showing of probable cause, in general)

Dix and Dawson, 41 Texas Practice: Criminal Practice and Procedure § 19.01 (2d ed.) (Complaints in Texas criminal procedure)

The purpose of an affidavit for the issuance of an arrest warrant is to enable a magistrate to determine whether there is sufficient probable cause for the warrant to be issued.[1]

**Practice Tip:**

An affidavit for the issuance of a warrant of arrest made before the magistrate or district or county attorney is called a complaint if it charges the commission of an offense.[2]

For purposes of the provisions of the Texas Code of Criminal Procedure governing justice and municipal courts, a complaint is a sworn allegation charging the accused with the commission of an offense.[3]

Footnotes

1    Lowery v. State, 499 S.W.2d 160 (Tex. Crim. App. 1973).
     As to the requisites and sufficiency of a complaint or affidavit, generally, see §§ 253, 254.
     As to probable cause for issuance of an arrest, generally, see § 297.

2    Tex. Code Crim. Proc. Ann. art. 15.04.



3      Tex. Code Crim. Proc. Ann. art. 45.018(a), discussed in § 624.

---

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

~~Section~~, T.R.E. 201

---

*[handwritten] T.R.E. 201*

7A Tex. Prac., Criminal Forms and Trial Manual § 83.2 (11th ed.)

Texas Practice Series TM
Criminal Forms And Trial Manual
Database updated March 2015
Michael J. McCormick [a0], Thomas D. Blackwell [a1], Betty Blackwell [a2]
Part II. Criminal Procedure
Chapter 83. Justice Of The Peace And Municipal Court—Complaints And Warrants

§ 83.2. Complaint[1]

In the Name and by Authority of the State of Texas:

I, C.D., being duly sworn[2] upon my oath state that I have personal knowledge [*or that I have good reason to believe and do believe* based upon the following information (*state probable cause*)] and I charge that heretofore, and before the making and filing of this complaint that[3] A.B. on or about the _____ day of _____, 20_____ in the County of _____, and State of Texas did [*set out the offense in the terms of the statute as found in the forms for the particular offense*].

Against the peace and dignity of the state.

_____ C.D. [4]

Sworn to and subscribed before me by C.D., a credible person, this _____ day of _____, 20_____.

_____ [ *Name and title of official to administer the oath* ]

[*See Chapter 44 for Proper Captions & Signatures*]

Notes
West's Key Number Digest
West's Key Number Digest, Criminal Law ⚖215
West's Key Number Digest, Municipal Corporations ⚖639
Legal Encyclopedias
C.J.S., Criminal Law §§ 334 to 335, 337 to 338
C.J.S., Municipal Corporations §§ 204 to 205

Westlaw. © 2015 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes
a0   Former Presiding Judge, Court of Criminal Appeals, Austin, Texas.
a1   Former District Attorney and Senior District Judge, Austin, Texas. Deceased
a2   Board Certified Criminal Law Specialist, Austin, Texas and Past President of the Texas Defense Lawyers Association.
1    Vernon's Ann.C.C.P. arts. 2.05; 15.05; 45.018; 45.019
     Jurisdiction for a violation of a city ordnance that by statute imposes a class A misdemeanor punishment is vested in the county Court and not in the municipal court. Flores v. State, 33 S.W.3d 907 (Tex.App.—Houston [14th Dist.] 2000).
     A court conducting a trial de novo based on an appeal from a justice or municipal court may not dismiss the case because of a defect in the complaint; and the attorney representing the state may amend a defective complaint before the trial de novo begins. V.T.C.A., Code of Criminal Procedure, Art. 44.181 as added by Acts of the 74th Leg. (1995), effective September 1, 1995.



T.R.E. 201

50 Tex. Prac., DWI Law and Practice Handbook § 13:2 (2015 ed.)

Texas Practice Series TM
Texas DWI Law and Practice Handbook
Database updated April 2015
Julie Kay Baker, Kyle C. Simpson
Chapter 13. Proceedings Before Trial and Motion Practice

§ 13:2. The charging document—Requisites of complaint in municipal or justice court

**West's Key Number Digest**
**West's Key Number Digest, Automobiles 332**
**West's Key Number Digest, Automobiles 351.1**

In justice and municipal courts, a defendant is charged via a complaint. A complaint is a sworn allegation charging the accused with the commission of an offense.[1] A defendant is entitled to notice of a complaint against the defendant not later than the day before the date of any proceeding in the prosecution of the defendant under the complaint, but the defendant may waive the right to this notice.[2]

A complaint is sufficient, without regard to its form, if it substantially satisfies the following requisites:[3]

(1) it must be in writing;

(2) it must commence "In the name and by the authority of the State of Texas";

(3) it must state the name of the accused, if known, or if unknown, it must include a reasonably definite description of the accused;

(4) it must show that the accused has committed an offense against the law of this state, or state that the affiant has good reason to believe and does believe that the accused has committed an offense against the law of this state;

(5) it must state the date that the offense was committed as definitely as the affiant is able to provide;

(6) it must bear the signature or mark of the affiant; and

(7) it must conclude with the words "Against the peace and dignity of the State" and, if the offense charged is an offense only under a municipal ordinance, it may also conclude with the words "Contrary to the said ordinance."

A complaint filed in justice court must allege that the offense was committed in the county in which the complaint is made.[4] A complaint filed in municipal court must allege that the offense was committed in the territorial limits of the municipality in which the complaint is made.[5] A complaint may be sworn to before any officer authorized to administer oaths. A complaint in municipal court may be sworn to before the municipal judge, the clerk of the court or a deputy clerk, the city secretary, or the city attorney or a deputy city attorney.[6]

Westlaw. © 2015 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1       Tex. Crim. Proc. Code Ann. art. 45.018(a).
2       Tex. Crim. Proc. Code Ann. art. 45.018(b).
3       Tex. Crim. Proc. Code Ann. art. 45.019(a).



~~Sutton~~ ~~Cockrell~~, T.R.E 201 ( ~~...~~ )

4    Tex. Crim. Proc. Code Ann. art. 45.019(b).

5    ~~Tex. Crim. Proc. Code Ann. art. 45.019(c).~~

6    Tex. Crim. Proc. Code Ann. art. 45.019(d), (e).

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

