## Ex parte Atanacio SANCHEZ.

### No. 72212.

Court of Criminal Appeals of Texas.

March 27, 1996.

Philip E. Kenrick, El Paso, for appellant.

Jaime Esparza, El Paso and Robert A. Huttash, State's Atty., Austin, for the State.

### OPINION

KELLER, Judge.

This is a post-conviction application for writ of habeas corpus forwarded to this Court pursuant to Article 11.07, V.A.C.C.P. Applicant pleaded guilty to two counts of indecency with a child and was sentenced to eight years in prison. He did not appeal.

Applicant argues that his conviction is invalid because it violates the Interstate Agreement on Detainers (IAD). *See* Article 51.14, V.A.C.C.P. He explains that his case was not disposed of within 180 days of his request, as required by statute. *Id.* at Article III(a) [1]. We filed and set this application to determine whether an alleged violation of the IAD is a cognizable claim on habeas corpus.

 Habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void, or for denials of fundamental or constitutional rights. *Ex parte Drake,* 883 S.W.2d 213, 215 (Tex.Cr.App. 1994). The writ cannot be invoked for mere statutory irregularities in the proceedings below. *Ex parte Sadberry,* 864 S.W.2d 541, 542 (Tex.Cr.App.1993). Further, the Great Writ should not be used to litigate matters which should have been raised on appeal. *Ex parte Banks,* 769 S.W.2d 539, 540 (Tex. Cr.App.1989). Violations of the IAD can be and have been raised on direct appeal. *See, e.g., Johnson v. State,* 900 S.W.2d 475 (Tex. App.—Beaumont 1995, no pet.); *Ravenscraft v. State,* 753 S.W.2d 741 (Tex.App.—Austin 1988, no pet.).

 The IAD is a state law as well as a law of the United States. *Reed v. Farley,* 512 U.S. ——, ——, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 277, 287 (1994). We have recognized that a violation of a state statute in general is not a cognizable claim on habeas. *See, e.g., Ex parte Owenby,* 749 S.W.2d 880, 881 (Tex.Cr.App.1988) (violation of Article 32A.02, the Speedy Trial Act, is non-jurisdictional defect); *Ex parte Tovar,* 901 S.W.2d 484, 486 (Tex.Cr.App.1995) (violation of Article 26.13 not cognizable unless it affected defendant's decision to plead guilty). In addition, the United States Supreme Court has concluded that a violation of the IAD is not cognizable on federal habeas review. *Reed,* 512 U.S. at ——, 114 S.Ct. at 2299, 129 L.Ed.2d at 290. In *Reed,* the Court found it significant that the defendant registered no objection to the trial date at the time it was

set and suffered no prejudice attributable to the delay. *Ibid.* Although in considering state habeas corpus claims we are not bound by decisions of that Court regarding federal habeas relief, we are persuaded by its reasoning.

 The requirement in the IAD that trial occur within 180 days of a defendant's request is statutory and not based on either the federal or state constitution. Applicant has alleged no more than a statutory violation. Moreover, the trial court found that Applicant did not object to the alleged IAD violation prior to pleading guilty. In order to present a cognizable claim on habeas, we conclude that an applicant must establish not just a violation of the IAD, but also a jurisdictional defect or the denial of a fundamental or a constitutional right. Applicant does not satisfy this burden.

The claimed statutory violation did not deprive the trial court of jurisdiction or deny Applicant any fundamental or constitutional right. Thus, the application for habeas corpus is denied.

CLINTON and OVERSTREET, JJ., dissent.

---

1. This portion of the statute provides that a prisoner with a detainer lodged against him shall be brought to trial within 180 days after he has requested disposition of the cause and given notice of the place of his imprisonment.