PD-1153-15    -
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/7/2015 3:21:01 PM
Accepted 10/8/2015 3:38:53 PM
ABEL ACOSTA
CLERK

# PD-1153-15

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## AUSTIN TEXAS

_____

| | | |
|---|---|---|
| **EX PARTE** | § | |
| **RYAN EDWARD SCHULLER,** | § | **COURT OF APPEALS** |
| **Appellant,** | § | **NO. 05-15-00064-CR** |
| | § | |
| **V.** | § | **TRIAL COURT DOCKET** |
| | § | **NO. WX13-90021-U** |
| **THE STATE OF TEXAS,** | § | |
| **Appellee,** | § | |

_____

## CORRECTED PETITION FOR DISCRETIONARY REVIEW
### FROM THE COURT OF APPEALS
### FIFTH JUDICIAL DISTRICT
### DALLAS, TEXAS

_____

**ROBERT W. BUCHHOLZ**

State Bar No. 03290600
420 S. Cesar Chavez Blvd., Suite 300
Dallas, TX 75201
Tel.   214-754-5500
Fax.   214-754-9100
bob@attorneybob.com

Attorney for Appellant
Ex parte Ryan Edward Schuller

FILED IN
COURT OF CRIMINAL APPEALS

October 8, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF THE PARTIES AND COUNSEL

**FOR APPELLANT:**

RYAN EDWARD SCHULLER.
> Counsel for Appellant at Trial and on Appeal:
> Robert W. Buchholz
> *The Law Office of Robert W. Buchholz, P.C.*
> State Bar No. 03290600
> 420 S. Cesar Chavez Blvd., Suite 300
> Dallas, TX 75201
> Tel.  214-754-5500
> Fax. 214-754-9100
> bob@attorneybob.com

**FOR APPELLEE:**

THE STATE OF TEXAS
> Counsel for Appellant at Trial and on Appeal:
> Brian P. Higginbotham, Assistant Criminal District Attorney, Dallas  County, Texas
>> (at trial and on appeal)
> Dallas County District Attorneys Office
> 133 North Riverfront Boulevard
> LB-19
> Dallas, Texas 75207
> 214-653-3625
> 214-653-3643
> brian.higginbotham@dallascounty.org

JUDGE

| | |
|---|---|
| At Time of Plea: | The Honorable Susan Hawk |
| Habeas Proceeding: | The Honorable Jennifer Balido |
| Current Judge: | The Honorable Stephanie Mitchell |

291st Judicial District Court
Dallas County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                2

TABLE OF CONTENTS                              3

TABLE OF AUTHORITIES                           4

STATEMENT REGARDING ORAL ARGUMENT              5

STATEMENT OF THE CASE                          6

STATEMENT OF PROCEDURAL HISTORY                7

GROUNDS FOR REVIEW                             8

ARGUMENTS                                      8

ARGUMENT POINT 1                               11

ARGUMENT POINT 2                               17

CONCLUSION                                     21

CERTIFICATE OF SERVICE                         21

CERTIFICATE OF COMPLIANCE                      22

APPENDIX - COURT OF APPEALS DECISION

# TABLE OF AUTHORITIES

## CASES

*Florida v. Jardines*, 133 S. Ct. 1409 (2013) .................................................. 10, 18, 19

*Ex parte Banks,* 769 S.W.2d 539, 540 (Tex.Cr.App.1989) ................................. 13

*In Ex parte Grigsby,* 137 S.W.3d 673 (Tex.Crim.App. 2004) ........................... 12, 14

*Ex parte Goodman,* 816 S.W.2d 383 (Tex.Crim.App. 1991) ............................. 13, 15

*In Ex parte Kirby*, 492 S.W.2d 579 (Tex.Crim. 1973) ........................................ 12, 14

*Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. Mar. 12, 2014) ................. 16

*Ex Parte Michael Keith Boyd*, 58 S.W.3rd 134 (Tex.Crim.App. 2001) ............. 12, 15

*Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993) ................................. 14, 15, 19, 20

*Oliver* v. *United States*, 466 U. S. 170, 180 ....................................................... 17

*Porter v. State,* 93 S.W.3d 342, 346-47 ......................................................... 9, 18
(Tex. App.– Houston [14th Dist.] 2002, pet ref'd)(op. on reh'g)

*Rivas v. State*, 411 S.W.3d 920, 921 (Tex. Crim. App 2013)(per curiam) ....... 10

*Rodriguez v. State of Texas*, 106 S.W.3d 224 ................................................. 9, 18
(Tex.App.–Houston [1st Dist.] 2003, pet. ref'd)

*Romo v. State,* 106 S.W.3d 565, 573 ............................................................... 9, 18
(Tex.App.–Fort Worth 2010, pet. ref'd)

*Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App 2003) .................... 14, 15

*Silverman* v. *United States*, 365 U. S. 505, 511 ............................................... 17

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.7, Appellant hereby requests oral argument. Counsel is of the opinion that oral argument would serve to emphasize and clarify the important legal points regarding this Petition.

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

Under Rule 68 of the Texas Rules of Appellate Procedure, Petitioner, RYAN EDWARD SCHULLER ("Schuller"), in the above cause, through counsel of record Robert W. Buchholz, respectfully submits this Petition for Discretionary Review and in support would show the Court the following:

## STATEMENT OF THE CASE

Appellant and Eliana Saucedo[1] were charged with possession of a controlled substance (marijuana, more than 4 oz.) in cause No. F11-13242-U in the 291st Judicial District Court of Dallas County, Texas, Judge Susan Hawk then presiding. Appellee pled guilty and waived his right to a direct appeal. The trial court sentenced him to three years deferred community supervision. Later, in the instant Cause No. WX13-90021-U, the Court, Judge Jennifer Balido then presiding, granted Appellant relief from his final felony conviction under art. 11.072 of the Code of Criminal Procedure.

The State appealed and in a Memorandum Opinion the Fifth Court of Appeals reversed the decision of the trial court and reinstated the order of deferred adjudication. The Court of Appeals reasoned that the right to be free from unreasonable search and seizure in ones home was not a fundamental right guaranteed by the United States Constitution and that Appellant failed to properly preserve its Search and Seizure

---

[1]Eliana Saucedo brought an identical writ application which was also granted by the Trial court, reversed by the Court of Appeals in an identical opinion and which is the subject of a Petition for Discretionary Review with this Court.

complaint for appellate review by entering into a plea bargain and waiving the right of a direct review even though all parties acknowledge that the basis for the Writ of Habeas Corpus was unavailable based on current Texas law at the time of the plea and that if available the evidence was obtained in violation of the protections afforded by the United States Constitution. This petition challenges that holding and urges this court to determine the right to be free of an illegal search and seizure at ones residence is a fundamental right and to analyze and decide that when a decision of the United States Supreme Court invalidates Texas case law that was so well settled on the issue so that a trial would have been futile that a later writ would be proper to challenge the illegal activities which formed the basis of the indictment.

## STATEMENT OF PROCEDURAL HISTORY

**On December 31, 2014,** the 291st District court of Dallas County, Texas in case No. WX13-90021-U entered an Order Granting Habeas Corpus Relief to Appellant.

**On June 15, 2015,** in a memorandum opinion, The Fifth Court of Appeal of Dallas reversed the decision of the trial court and reinstated the Order of Deferred Adjudication. Ex Parte Ryan Edward Schuller, Appeal No. 05-15-00064-CR, Court of Appeals Fifth District of Texas at Dallas, June 15, 2015.

## GROUNDS FOR REVIEW

## POINT OF ERROR 1

The Court of Appeals wrongfully decided that the "Right not Recognized" doctrine had been eliminated in all situations even one where a fundamental right later interpreted by the United States Supreme Court is at issue. Because of this reasoning by the Court of Appeals they wrongfully decided that bringing a habeas proceeding on an issue not available at the time of the plea was not proper and wrongfully reversed the decision of the trial court. This is error on the part of the Court of Appeals.

## POINT OF ERROR 2

The Court of Appeals erred in finding that the bases of Appellant's position was that he was asserting a "Right not Recognized" for the first time in his habeas proceeding and further that the Court of Appeals erred in finding that Appellee did not preserve his complaint of an unlawful search in the trial court when the established law at that time in the State of Texas was that the actions of law enforcement were not a violation of his fundamental right to privacy as guaranteed him by the Fourth Amendment to the United States Constitution.

## BACKGROUND FOR ARGUMENT

Some background is warranted in order to fully understand the issue before the Court.

On June 15, 2011, a Carrollton Texas Police Officer executed a search warrant on 2227 Valley Mill, City of Carrollton, Dallas County, Texas. The search warrant was issued after an officer presented a probable cause affidavit that contained the following language:

> On June 13th, 2011, at approximately 1445 hours, your Affiant, Canine Office [sic] J. Sanchez #818, and his canine partner, Bosko, a trained and certified narcotics detecting canine, went to the suspected location (2227 Valley Mills). Canine Bosko conducted a free-air sniff of the suspected location's garage door. The suspected location's driveway and garage door are located in the rear of the residence, are accessible by a public sidewalk, and are not enclosed by any fencing or barrier that would prevent access by the public. Canine Bosko alerted to the presence of the order of an illegal drug while sniffing the garage door's bottom seam. . . . Bosko is trained to alert only on Marijuana, Methamphetamine, Heroin, Cocaine, and derivatives thereof.

A search warrant was issued and after the search warrant was executed, Appellant was arrested and thereafter indicted. On July 20, 2012, Appellant entered a guilty plea pursuant to a plea bargain agreement and was sentenced to a term of community supervision.

At the time of the plea the controlling law in Texas as found by three Courts of Appeals, all with petitions for discretionary review being refused by this Court, regarding free-air sniffs of the exterior of a person's residence was that a free-air sniff by a narcotics dog trained to detect certain illegal substances in the area surrounding a home known as the curtilage was not a search within the meaning of the Fourth Amendment to the United States Constitution. See *Romo v. State,* 106 S.W.3d 565, 573 (Tex.App.–Fort Worth 2010, pet. ref'd)*; Rodriguez v. State of Texas*, 106 S.W.3d 224 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd); and *Porter v. State*, 93 S.W.3d 342,

346-47 (Tex. App.– Houston [14th Dist.] 2002, pet ref'd)(op. on reh'g).

Nine months later, in *Florida v. Jardines*, 133 S. Ct. 1409 (2013) the United States Supreme Court changed the law on residential dog sniffs.

The Supreme Court described its holding in *Jardines* as follows:

> The government's use of trained police dogs to investigate the home and its immediate surroundings is a "search" within the meaning of the Fourth Amendment. *Florida v. Jardines*, 133 S. Ct. 1409, at 1417-18.

Thereafter in response to *Jardines*, Appellant filed an application for a writ of habeas corpus under art. 11.072 of the Code of Criminal Procedure. (C.R. 8-15) In his application, Appellant sought relief from his final conviction claiming that, after *Jardines*, the search of his home was unconstitutional based upon the decision in *Jardines*. More specifically, Appellant claimed that the initial dog sniff was a search conducted without a warrant, and it therefore could not support the search of his home.

The State of Texas conceded at the trial court that in a current motion to suppress or in a current direct appeal, a defendant would be successful in excluding evidence obtained as a result of a canine free-air sniff under the circumstances presented in Appellants case. In fact this Court in *Rivas v. State*, 411 S.W.3d 920, 921 (Tex. Crim. App 2013)(per curiam) vacated and remanded a case in light of *Jardines* an appellate court judgment that affirmed a denial of a motion to suppress evidence obtained as a result of a dog sniff at defendant's front door.

## POINT OF ERROR 1

The Court of Appeals wrongfully decided that the "Right not Recognized" doctrine had been eliminated in all situations even one where a fundamental right later interpreted by the United States Supreme Court is at issue. Because of this reasoning by the Court of Appeals they wrongfully decided that bringing a habeas proceeding on an issue not available at the time of the plea was not proper and wrongfully reversed the decision of the trial court. This is error on the part of the Court of Appeals.

## ARGUMENT

The Court of Appeals further stated that the line of cases of "Rights not Recognized" exception have been generally eliminated. However, generally eliminated is not eliminated and given the facts of the matter before the Court there is no case law eliminating such an exception.

This case, if it had been decided at the time of the Appellant's Plea, would have lead to the suppression of the evidence as the sniff by the dog at the bottom of the garage door is clearly within the curtilage of the home of Appellant. This was conceded to by the State. This search violated Appellant's rights under the Fourth Amendment to the United States Constitution.

The State in it's original response filed in the trial court stated the search and seizure issues will not be considered for the first time on habeas and they cite two cases. However, in a reading of each of these cases the remedy sought in these cases

was available at the time of the trial or plea.

In *Ex parte Grigsby*, 137 S.W.3d 673 (Tex.Crim.App. 2004) the court stated that the Applicant's challenge to the legality of the search and seizure conducted by law enforcement officers is denied because Applicant forfeited his claim by failing to raise it on direct appeal. In this case the defendant plead guilty to the felony offense of robbery and no appeal was taken. In reading the case it appears that the legality of the search could have been raised at the time of the plea therefore it was waived.

In *Ex parte Kirby*, 492 S.W.2d 579 (Tex.Crim. 1973) which is another post-conviction habeas corpus proceeding, the Applicant was found guilty after a trial. Testimony was heard about the search in that case and the Court ruled that it was admissible. Any error was not preserved for appeal. The Court held that it would not be considered for the first time on a writ of habeas corpus because it was not preserved and not presented on appeal. Again, the issue was present at the time of the trial and could have been appealed.

In both of the cases cited by The State the evidence and remedy was available at the time of the plea or trial. This is not the case with Appellant. The law in Texas was firmly established at the time of their pleas that free air dog sniffs were allowed. The United States Supreme Court later ruled that they were not.

The Court of Appeals stated that the cases of *Ex Parte Michael Keith Boyd*, 58 S.W.3rd 134 (Tex.Crim.App. 2001) which clearly states at page 136:

"... an applicant's failure to raise a claim at trial may be excused if the basis of the claim was not reasonable available at the time of trial. Citing Ex parte Goodman, 816 S.W.2d 383, 384 n.4 (Tex.Crim.App.1991).

And *Ex parte Goodman,* 816 S.W.2d 383 (Tex.Crim.App. 1991) where a person was convicted in 1981 for capital murder and sentenced to death. His conviction and sentence was confirmed on appeal. He later brought a writ based on the Eight and Fourteenth Amendments to the Constitution under a case decided by the United States Supreme Court in 1989. The Texas Court of Appeals stated in part as follows:

> Before we address the merits of the Penry claim presented in this writ application, **we must first decide whether this issue is cognizable via a writ of habeas corpus where it is presented for the first time. [3] It is well-settled by this Court that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal.** Ex parte Banks, 769 S.W.2d 539, 540 (Tex.Cr.App.1989). Traditionally, the writ is available only to review jurisdictional defects or denials of fundamental constitutional rights. Ex parte Banks, at 540, and cases cited therein. The allegation raised by applicant implicates applicant's rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment. See Penry, 109 S.Ct. 2934 (issue cognizable via federal writ of habeas corpus). This cause is remarkably similar to the Penry case. See Penry, 109 S.Ct. at 2941. Applicant's trial attorney timely requested an additional jury instruction regarding the mitigating evidence which was denied by the trial judge. [4] **We hold the allegation is cognizable via a habeas corpus application despite applicant's failure to raise the complaint on direct appeal.**

Wherein this Court has recognized the so called "Right Not Recognized" exception for a writ of habeas corpus the Court of Appeals says this right is no longer

available under the decision in *Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App 2003).

A careful review of that case shows this is not the case:

*Sanchez, id.*, says at p. 367 "The "right not recognized" exception to the contemporaneous-objection rule relates to a kind of fundamental error that is contrary to a specific act of the legislature, that *Marin* (*Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993)) generally eliminated from our jurisprudence. ..."

The facts of *Sanchez*, are that the defendant failed to properly object to the language in the charging instrument as required by the Texas Code of Criminal Procedure that was put into effect before his case. He did not preserve error at the trial Court level in accordance with then applicable law and rules. Thus, he waived his right to bring that issue on appeal for the first time. *Sanchez* is distinguishable from this case as the right to be free from a free air sniff without a warrant was contrary to the clear holdings of Texas Courts. It was a right that was not available to Appellant at the time of his plea and came into existence by the Decision of the United States Supreme Court. *Sanchez* does not address such a situation and in inapplicable to Appellant's situation. *Sanchez*, like *Ex parte Grigsby* and *Ex parte Kirby* speaks to acts that were available at the time of the case disposition and appeal, clearly not applicable to the situation before us. They speak of remedies that were available on direct appeal.

This line of cases does not in any way speak to the situation where a right clearly was not available at the time of the trial or any direct appeal and was sought later by habeas relief. *Sanchez, id.,* concerned whether there was a waiver of the right to be charged by an instrument that is free of defects, errors, and omissions. The right to object was present and allowed by law at the time of the trial and the appeal. It was not a right than became available at some future date and which was raised by habeas relief.

The Court of Appeals also relies on *Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993). Again, this case speaks to waiver of remedies that were available at trial and on direct appeal. In fact *Marin* was a direct appeal of the issue presented and stated a framework for the review of waiver of rights during the trial proceeding of a case. It does not in any manner speak to remedies that were not available at the time of trial or any subsequent direct appeal. It does not in any manner limit habeas relief under the doctrines set forth by *Ex Parte Michael Keith Boyd* and *Ex Parte Goodman* of the ability to bring a petition on items for relief on grounds that clearly were not available or even reasonable at the time the matter was dealt with by the trial court. For the Court of Appeals to make this blind leap is unreasonable and error.

At the time of Appellant's plea the law in Texas was settled and based on the facts presented was a legal search. Since the plea the United States Supreme Court

found that such a search is a violation of Appellant's Fourth Amendments Constitutional Rights which are fundamental rights guaranteed to citizens of the United States. As such, Appellant can raise the validity of the search for the first time by Writ of Habeas Corpus since the remedy was not reasonable available at the time of trial.

Further, it has been held that a change in substantive law can be applied retroactively. Substantive law is that part of law which creates, defines, and regulated rights of the people. The extension of the fourth amendment protection against unreasonable search and seizures at ones home is a substantive change in the law.

The Texas Court of Criminal Appeals held in *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. Mar. 12, 2014)(5:3:2) that *Teague v. Lane* a "new rule" applies retroactively in a collateral proceeding only if the rule is substantive or a "watershed" rule of criminal procedure. New substantive rules apply retroactively because they necessarily carry a significant risk that a defendant would face a punishment that the law cannot impose upon him because of his status or offense. Watershed rules of procedure apply retroactively because they implicate the fundamental fairness and accuracy of the criminal proceeding. But they must be one without which the likelihood of an accurate conviction is seriously diminished.

In this matter before the Court the application of the 4th Amendment to the United States Constitution because the decision implicates the fundamental fairness and accuracy of the criminal proceeding.

# POINT OF ERROR 2

The Court of Appeals erred in finding that the bases of Appellant's position was that he was asserting a "Right not Recognized" for the first time in his habeas proceeding and further that the Court of Appeals erred in finding that Appellant did not preserve his complaint of an unlawful search in the trial court when the established law in the State of Texas was that the actions of law enforcement were not a violation of his fundamental right to privacy as guaranteed him by the Fourth Amendment to the United States Constitution.

## ARGUMENT

A fundamental right of a person is his right to privacy to be safe from unreasonable searches in his home:

> At the Fourth Amendment's "very core" stands "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Silverman* v. *United States*, 365 U. S. 505, 511. The area "immediately surrounding and associated with the home"—the curtilage—is "part of the home itself for Fourth Amendment purposes." *Oliver* v. *United States*, 466 U. S. 170, 180. The officers entered the curtilage here: The front porch is the classic exemplar of an area "to which the activity of home life extends." *Id.*, at 182, n. 12. Pp. 4–5.

At the time of the plea the controlling law in Texas regarding free-air sniffs of the exterior of a person's residence was that a free-air sniff by a narcotics dog trained to detect certain illegal substances in the area surrounding a home known as the curtilage was not a search within the meaning of the Fourth Amendment to the United

States Constitution. See *Romo v. State,* 106 S.W.3d 565, 573 (Tex.App.–Fort Worth 2010, pet. ref'd)*; Rodriguez v. State of Texas*, 106 S.W.3d 224 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd); and *Porter v. State*, 93 S.W.3d 342, 346-47 (Tex. App.–Houston [14th Dist.] 2002, pet ref'd)(op. on reh'g). Note, all of these petitions were refused review by the Texas Court of Criminal Appeals.

Texas further stated this position in the Amici Curiae Brief filed in Case No. 11-564 in the United States Supreme Court case of *Florida vs. Joelis Jardines* that such searches were not a violation of the Fourth Amendment. Texas, joined by 18 additional states, stated in part arguing that a free air sniff was legal:

> "Summary reversal is appropriate to "correct a clear misapprehension" of federal law, *Brosseau v. Haugen*, 543 U.S. 194, 198 n.3 (2004) (per curiam), and when the decision below is "flatly contrary to this Court's controlling precedent," *Arkansas v. Sullivan*, 532 U.S. 769, 771 (2001) (per curiam). Amici States submit that this is just such a case. See SUP. CT. R. 16.1; EUGENE GRESSMAN ET AL., SUPREME COURT PRACTICE § 5.12(a), (c) (9th ed. 2007).

> "The Florida Supreme Court's decision is "flatly contrary" to a number of this Court's decisions holding that a dog sniff is not a search. The judgment below is not saved by the court's creation of a "public spectacle" test. Rather, that test finds no support in this Court's precedent. Reliance on the "public spectacle" test thus introduced further error.

> "Summary reversal would allow the Court to reaffirm that a detection dog is an appropriate tool for law enforcement officers to use to establish probable cause during their investigations while conserving the Court's scarce resources. This remedy is especially appropriate here, to ensure that other courts do not follow the Florida Supreme Court's defiance of Caballes.

The State of Texas held the position that free air sniffs where not only legal under Texas law but Federal law as well. The Fifth Court of Appeals stated in its opinion stated that "A voluntary plea of guilty intelligently made in the light of then applicable law does not become vulnerable because later judicial decisions indicated that the plea rested on a faulty premise." This is not the case. The position of the courts of Texas were clear that free air sniffs did not violate Appellee's fundamental rights. The plea was made based on the clear law as it existed at the time in the State of Texas, an intreperation of the law that this Court three times refused review, and a position that was later proven to be incorrect. It is not the fault of Appellant to act on laws pronounced by the State and decided by Courts of this State that were improperly decided and refused review on three previous occasions.

The Court of Appeals relies on, *Marin vs. State*, 851 S.W.2d 275 (Tex.Crim.App. 1993) which states, at p. 278, "Some rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system."

This Court then assigns Appellees right to be free from an unreasonable search of one's home to a right that is to be implemented upon request. However, a clear reading of the case law concerning this right shows that the right to be free from unreasonable search, especially of one's home, should be an absolute requirement and prohibition, not an elective right. As Justice Scalia stated in *Florida v. Jardines*, 133

S. Ct. 1409 (2013)

> But when it comes to the Fourth Amendment, the home is first among equals. At the Amendment's "very core" stands "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." Silverman v. United States, 365 U. S. 505, 511(1961). This right would be of little practical value if the State's agents could stand in a homes porch or side garden and trawl for evidence with impunity; the right to retreat would be significantly diminished if the police could enter a man's property to observe his repose from just outside the front window.

This Court should recognize what the clear status of the law in Texas was at the time of the plea and not penalize Appellee for making the only rational choice open to him given the circumstances and the dictates of Judge Hawk and thereby deny him of a fundamental right guaranteed by the United States Constitution to be free from unlawful searches of his home.

The Court of Appeals erred in not finding that the right to be safe from unreasonable searches in ones residence is an absolute requirement and a prohibition guaranteed by the United States Constitution that cannot be waived at the trial court level under the reasoning in *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex.Crim.App. 1993), overruled on other grounds by *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). This is error on the part of the Court of Appeals.

## Conclusion

The trial court's decision was proper when it granted Appellee habeas relief from his final felony conviction and this Court should reverse the decision of the Court of Appeals and affirm the trial court's judgment.

Respectfully submitted,

*The Law Office of Robert W. Buchholz, P.C.*

*/s/ Robert W. Buchholz*

By:

_____

Robert W. Buchholz
Texas Bar No: 03290600
bob@attorneybob.com
420 S. Cesar Chavez Blvd, Suite 300
Dallas, Texas 75201
Tel.   (214) 754-5500
Fax.   (214) 754-9100

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 5, 2015, a true and correct copy of the above and foregoing document was served on Mr. Brian P. Higginbotham, Assistant District Attorney of Dallas County, Texas, by e-mail to brian.higginbotham@dallascounty.org.

*/s/ Robert W. Buchholz*

_____

Robert W. Buchholz

## Certificate of Compliance

I certify that this brief contains 4,060 words. This word count includes all necessary parts outlined in Texas Rule of Appellate Procedure 9.4(I)(1), and it was conducted with Word Perfect version X3.

/s/ Robert W. Buchholz

_____
Robert W. Buchholz



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00064-CR

### EX PARTE RYAN EDWARD SCHULLER

On Appeal from the 291st Judicial District Court
Dallas County, Texas
Trial Court Cause No. WX13-90021-U

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

The State of Texas appeals the trial court's order granting appellee Ryan Edward

Schuller's application for writ of habeas corpus. In two issues, the State contends that the trial

court erred in granting relief because appellee could not raise his search-and-seizure complaint

for the first time in a writ application and the new rule of law appellee relied upon in bringing his

writ application does not apply retroactively to appellee's case on collateral review. We reverse.

### BACKGROUND

Appellee and his co-defendant, Eliana Saucedo,[1] were charged with possession of

marijuana in an amount of five pounds or less but more than four ounces after police searched

their residence and discovered the marijuana. Police procured the warrant authorizing the search

solely on the basis of an alert at appellee's garage door by a drug sniffing dog that an officer had

---

[1] Saucedo brought an identical writ application that is on appeal before this Court under cause no. 05-15-00065-CR.

brought on to appellee's property without appellee's permission. At the time appellee's residence was searched, three intermediate Texas appellate courts had concluded that a canine free-air sniff like the one in this case did not violate the Fourth Amendment's prohibition against unreasonable search and seizure. *See Romo v. State*, 315 S.W.3d 565, 573 (Tex. App.—Fort Worth 2010, pet. ref'd); *Rodriguez v. State*, 106 S.W.3d 224, 228–30 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Porter v. State*, 93 S.W.3d 342, 346–47 (Tex. App.—Houston [14th Dist.] 2002, pet ref'd) (op. on reh'g).

Before trial, appellee filed a motion to suppress the marijuana and other evidence seized but the trial court did not rule on the motion. Instead, on July 20, 2012, appellee entered a negotiated plea of guilty to the offense. Pursuant to the plea bargain, the trial court deferred adjudication of appellee's guilt, placed him on community supervision for three years, and assessed a fine of $1,500. As part of the plea bargain, appellee waived his right to appeal.

On March 26, 2013, the United States Supreme Court issued an opinion holding that deploying drug sniffing dogs to sniff the air within the curtilage area "immediately surrounding and associated with the home" violates the Fourth Amendment's prohibition against unreasonable search and seizure. *See Florida v. Jardines*, 569 U.S. ___, 133 S.Ct. 1409, 1414, 1417–18 (2013).

After *Jardines* was issued, appellee filed an application for writ of habeas corpus contending that the new rule pronounced by *Jardines* invalidates his conviction. During the writ hearing, the State conceded that in a current motion to suppress or in a current direct appeal, a defendant would be successful in excluding evidence obtained as a result of a canine free-air sniff under the circumstances presented in this present case. *See, e.g.*, *Rivas v. State*, 411 S.W.3d 920, 921 (Tex. Crim. App. 2013) (per curiam) (vacating and remanding in light of *Jardines*

–2–

appellate court judgment that affirmed denial of motion to suppress evidence obtained as result of dog sniff at defendant's front door). The trial court granted relief to appellee.

## STANDARD OF REVIEW

An applicant seeking habeas corpus relief must prove his or her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order granting habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and we will uphold the trial court's ruling absent an abuse of discretion. *See Kniatt*, 206 S.W.3d at 664. We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id*.

## ISSUE ONE

In its first issue, the State argues that appellee's search-and-seizure complaint is not cognizable in a writ of habeas corpus. More specifically, the State contends that appellee has forfeited his search-and-seizure complaint by entering a guilty plea and waiving his right to direct appeal. In other words, the State contends that appellee should have pursued remedies for the alleged constitutional violation in the trial court and then on direct appeal. Appellee responds that the basis of his habeas complaint was not available at the time of his trial and that his constitutional complaint is cognizable in the habeas proceeding.

Habeas corpus is an extraordinary remedy for situations in which there is no other adequate remedy at law. *Ex parte Cruzata,* 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). It is reserved for those instances in which there is a jurisdictional defect in the trial court that renders the judgment void, and where there has been a denial of fundamental or constitutional rights. *Ex parte Sanchez,* 918 S.W.2d 526, 527 (Tex. Crim. App. 1996). An applicant may not use the writ of habeas corpus to challenge matters that could have been raised on direct appeal. *Cruzata*, 220 S.W.3d at 520. The court of criminal appeals has sought to "draw stricter boundaries regarding what claims may be advanced on habeas." *Ex parte Richardson*, 201 S.W.3d 712, 713 (Tex. Crim. App. 2006).

As in direct appeals, a party may be required to preserve in the trial court certain types of constitutional error in order to raise a complaint regarding the error in a habeas application. *See Garza v. State*, 435 S.W.3d 258, 261–62 (Tex. Crim. App. 2014); *Ex parte Jimenez*, 364 S.W.3d 866, 882 (Tex. Crim. App. 2012). To preserve a complaint for appellate review, a party must make a timely objection or motion stating the specific grounds for the complaint and obtain a ruling from the trial court. *See* TEX. R. APP. P. 33.1(a).

Whether an applicant must comply with rule 33.1's preservation requirements depends upon what type of right the applicant seeks to assert. The court of criminal appeals created a comprehensive framework for the evaluation of unpreserved error in *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). *See Sanchez v. State*, 120 S.W.3d 359, 367 (Tex. Crim. App. 2003). *Marin* assigned a defendant's rights to one of three categories: (1) absolute requirements and prohibitions that cannot be waived; (2) waivable rights; and (3) forfeitable rights. *Marin*, 851 S.W.2d at 279–80. Only the third category requires that error be preserved in the trial court

before the complaint can be raised on appeal or in a habeas proceeding.  *See Garza*, 435 S.W.3d at 260–61; *Marin*, 851 S.W.2d at 279.  The assertion that evidence should be suppressed because it was obtained in violation of an applicant's Fourth Amendment rights falls within the third *Marin* category of forfeitable rights and must be preserved in the trial court.  *See Segurola v. United States*, 275 U.S. 106, 112 (1927); *Leal v. State*, 456 S.W.3d 567, 568 (Tex. Crim. App. 2015) (per curiam); *Salas v. State*, 486 S.W.2d 956, 957 (Tex. Crim. App. 1972).

## ANALYSIS

In its findings of fact, the trial court cited two cases and concluded that at the time appellee entered his plea, his failure to raise the search-and-seizure claim was excused because the basis of the claim was not reasonably available.  *See Ex parte Boyd*, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001); *Ex parte Goodman*, 816 S.W.2d 383, 385 n.4 (Tex. Crim. App. 1991).  *Boyd* and *Goodman* are exemplars of an older line of cases in which a "right not recognized" exception allowed an appellant or habeas applicant to assert a constitutional violation despite not adhering to the general rules for preserving error in situations where, at the time of trial, the basis of the claim was so novel that it was not reasonably available or if the law was so well settled by the court of criminal appeals that asserting it at trial would have been futile.  *See Black v. State*, 816 S.W.2d 350, 367–69 (Tex. Crim. App. 1991) (Campbell, J., concurring); *Ex parte Chambers*, 688 S.W.2d 483, 485–86 (Tex. Crim. App. 1984) (Campbell, J., concurring).  In this case, however, the issue of whether the open-air sniff violated the Fourth Amendment had only been addressed by three of our sister intermediate courts and had not been decided by the court of criminal appeals.  Moreover, *Marin* generally eliminated the "right not recognized" exception. *See Sanchez*, 120 S.W.3d at 367.  We conclude that appellee was required to preserve his search-and-seizure complaint by bringing it to the trial court's attention and obtaining a ruling in

accordance with rule 33.1. *See Leal*, 456 S.W.3d at 568; *Garza*, 435 S.W.3d at 260–61; *Sanchez*, 120 S.W.3d at 367.

The record in this case reflects that appellee filed a motion to suppress the drug evidence specifically alleging that the search of his residence was conducted without probable cause and without a valid warrant in violation of his Fourth Amendment rights. The record does not show that appellee ever pressed the motion and obtained a ruling. During the habeas hearing, trial counsel spoke to the trial court about the options appellee faced at trial:

> We did file in this case a Motion to Suppress based on the illegal constitutional search, but in discussions with the Court, your predecessor, she was not willing to hold the case in abeyance until the U.S. Supreme Court ruled [in *Jardines*] because that would have taken nine to ten more months. And so a plea deal was worked out based upon the then Texas law clearly stating that a free-air sniff was good.

By choosing the strategic option to accept a plea bargain rather than pursue a ruling on his motion to suppress, appellee has forfeited his right to complain in a habeas application about the unconstitutional process used to obtain the evidence against him. *See* TEX. R. APP. P. 33.1; *Marin*, 851 S.W.2d at 279–80; *see generally Brady v. United States*, 397 U.S. 742, 757 (1970) ("[A] voluntary plea of guilty intelligently made in the light of then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). We resolve the State's first issue in its favor.

Because appellee did not preserve the search-and-seizure complaint at issue in his application for writ of habeas corpus, the trial court abused its discretion in granting appellee relief. *See Kniatt*, 206 S.W.3d at 664. And because our resolution of the State's first issue is dispositive, we need not consider the State's second issue. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's order granting relief on appellee's application for writ of habeas corpus, and we render judgment reinstating the order of deferred adjudication in this case.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150064F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE RYAN EDWARD SCHULLER

No. 05-15-00064-CR

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. WX13-90021-U.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the order of the trial court granting relief on appellee's application for writ of habeas corpus is **REVERSED**, and we render judgment reinstating the order of deferred adjudication in this case.

Judgment entered this 15th day of June, 2015.