

NUMBER 13-15-00157-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE SERGIO RODRIGUEZ CUELLAR

On appeal from the 92nd District Court of
Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Justice Garza**

The State of Texas appeals from the trial court's order granting appellee Sergio Rodriguez Cuellar's application for writ of habeas corpus.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West, Westlaw through 2015 R.S.).  By a single issue, the State argues that the trial court abused its discretion in granting habeas relief because:  (1) the record

---

[1] Appellee did not file a response brief to aid us in the disposition of this case.

does not support the trial court's findings of fact and conclusions of law; and (2) the stated grounds for relief allege only violations of state statutes, and such claims are not cognizable on habeas corpus. We reverse and render.

## I. BACKGROUND

On March 4, 2003, pursuant to a plea bargain, appellee pleaded guilty to evading arrest with a vehicle, a state-jail felony offense. *See* TEX. PENAL CODE ANN. 38.04 (West, Westlaw through 2015 R.S.). Pursuant to the plea bargain, the trial court imposed punishment at two years' confinement and a $750.00 fine, suspended the sentence, and placed appellee on community supervision for five years. At the plea hearing, appellee's appointed counsel waived service of the indictment two days prior to arraignment, *see* TEX. CODE CRIM. PROC. ANN. art. 26.03 (West, Westlaw through 2015 R.S.), and a ten-day period of preparation before a plea or trial, *see id.* art. 1.051(e) (West, Westlaw through 2015 R.S.).

On January 7, 2015, appellee filed an amended application for writ of habeas corpus. In his application, appellee argued that he was "illegally restrained by the collateral consequences" of his prior conviction because of his inability "to continue his status as a legal resident of the United States." Appellee argued that he was "denied due process of law and right to counsel as he was induced into pleading guilty without any notice of his arraignment, service of the indictment, a reading of the indictment, and adequate time to prepare with court-appointed counsel." Specifically, appellee argued that he was denied the two-day period between receipt of the indictment and arraignment required by article 26.03 and the ten-day preparation for trial required by article 1.051(e). *See id.* arts. 1.051(e), 26.03.

On February 19, 2015, the trial court held a hearing on appellee's application.[2] Based on findings later issued by the trial court, the State argued at the hearing that: (1) the reading of the indictment was waived; (2) even if the reading of the indictment was not waived, such an error is a violation of a statute, not a violation of a constitutional provision, and is thus not a cognizable issue on habeas corpus review; (3) the statutory requirement of ten days to prepare with court-appointed counsel was waived; and (4) even if the statutory requirement for a ten-day preparation period was not waived, such an error is not a violation of a constitutional provision and is therefore not a cognizable issue on habeas corpus review.

On March 10, 2015, the trial court granted appellee the requested relief and set aside his conviction. The trial court issued the following findings of fact and conclusions of law:

> Based on the Applicant's pleadings, evidence, and the record as a whole, THE COURT FINDS THAT:
>
> A.      Applicant was not served with a copy of his indictment, was not read the indictment, and did not waive the reading of the indictment.
>
> B.      Applicant did not have enough time with counsel to adequately prepare for his trial.
>
> THE COURT CONCLUDES THAT:
>
> C.      Applicant's plea and conviction complained of were obtained in violation of the Applicant's right to due process, in violation of the 5th and 14th Amendments of the Constitution of the United States, Art. 1, sec. 13 and 19 [of] the Texas Constitution, and Texas Code of Criminal Procedure Art. 1.04, and the Court so concludes.

The State appealed. However, the reporter's record did not include a transcript of

---

[2] For reasons explained more fully below, there is no reporter's record of the February 19, 2015 hearing.

3

the February 19 hearing. On June 30, 2015, this Court abated the appeal and remanded to the trial court to determine whether a reporter's record of the February 19, 2015 hearing could be recreated. The trial court held a hearing on July 23, 2015. At the hearing, counsel for appellee and counsel for the State addressed the trial court. No witnesses were presented. Appellee's counsel and the State's counsel discussed and agreed generally regarding what occurred at the February 19, 2015 hearing. Appellee's counsel stated, "Mr. Cuellar did not testify, but without objection from counsel for the State, we proffered his testimony in alignment with the pleadings."

On August 4, 2015, a supplemental clerk's record was filed with this Court, which contained the following findings of fact:

1.  On February 19, 2015, this Court called for an evidentiary hearing on a writ application.

2.  On February 19, 2015, Applicant Sergio Rodriguez Cuellar argued his pleadings, proffered the Applicant's testimony without objection, and obtained the Court's judicial notice of all documents in the Court's file.

3.  On February 19, 2015, the State argued that this Court deny relief based on the following arguments:

    a.  The reading of the indictment was waived, and the statutory requirement of 10 days to prepare with court-appointed counsel was waived.

    b.  Even if the reading of the indictment was not waived, such an error is not of constitutional dimension.

    c.  Even if the statutory requirement of 10 days to prepare with court-appointed counsel was not waived, such error is not of constitutional dimension.

4.  Due to a technical error, the electronic stenograph machine used by this Court's official court reporter failed to record the hearing and is unrecoverable.

5.  On March 10, 2015, this Court granted the writ application in its

4

order, and set aside Applicant Sergio Rodriguez Cuellar's conviction.

6. On March 30, 2015, the State filed its notice of appeal of this Court's order granting Applicant Sergio Rodriguez Cuellar relief.

7. On April 10, 2015, the State filed its request for the reporter's record.

8. On June 30, 2015, the Thirteenth Court of Appeals entered an Order of Abatement, ordering this Court to conduct a hearing to determine:

    (1) If the appellant has timely requested a reporter's record;

    (2) If, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

    (3) If the lost, destroyed, or inaudible portion o[f] the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

    (4) If the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

9. On July 23, 2015, this Court conducted a hearing pursuant to the Thirteenth Court of Appeals' Order of Abatement.

10. This Court FINDS that as to (1), the State (Appellant) did not timely request the reporter's record pursuant to Tex. R. App. P. 34.6(f) as the record shows that the State made said request 11 days after the time given the State to perfect appeal.

11. This Court FINDS as to (2), without the State's (Appellant's) fault, a significant portion of the court reporter's record is lost and/or destroyed. This significant portion referred to consists of the entirely [sic] of the evidentiary hearing conducted on February 19, 2015. Due to a technical error, the electronic stenography machine used the this [sic] Court's official court reporter failed to record the entirety of said hearing and is unrecoverable.

12. This Court FINDS as to (3), the lost and/or destroyed portion of the reporter's record is necessary to the appeal's resolution because the State had not filed a written response to Applicant Sergio Rodriguez

5

Cuellar's writ application, and thus, the State's arguments were solely given and preserved orally at said hearing.

13. This Court FINDS as to (4), the lost and/or destroyed portion of the reporter's record *can* be replaced by agreement of the parties. The parties are in agreement as to the most important aspects of the hearing.

The parties have agreed that on February 19, 2015, the Court took judicial notice of all documents in the Court's file.

The parties have agreed that on February 19, 2015, Applicant Sergio Rodriguez Cuellar argued his writ application and proffered the Applicant's testimony without objection, in accord with his written Application for relief.

The parties have also agreed that the State argued at the February 19, 2015 hearing the following:

a. The reading of the indictment was waived.

b. Even if the reading of the indictment was not waived, such an error is not of constitutional dimension.

c. The statutory requirement of 10 days to prepare with court-appointed counsel was waived.

d. Even if the statutory requirement of 10 days to prepare with court-appointed counsel was not waived, such an error is not of constitutional dimension.

We reinstated the appeal on August 4, 2015.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

For a court to reach the merits of an applicant's claim on habeas corpus, the applicant's claim must be cognizable in habeas corpus. *See Ex parte Perales*, 215 S.W.3d 418, 419–20 (Tex. Crim. App. 2007). "[B]oth federal and Texas courts have confined the scope of post-conviction writs of habeas corpus to jurisdictional or fundamental defects and constitutional claims." *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002); *see Ex parte Douthit*, 232 S.W.3d 69, 71 (Tex. Crim. App. 2007)

6

("A writ of habeas corpus is available only for relief from jurisdictional defects and violations of constitutional or fundamental rights."). "Violations of statutes, rules, or other non-constitutional doctrines are not recognized." *Ex parte Graves*, 70 S.W.3d at 109; *Ex parte Sanchez*, 918 S.W.2d 526, 527 (Tex. Crim. App. 1996) ("We have recognized that a violation of a state statute in general is not a cognizable claim on habeas.").

### III. DISCUSSION

The State argues that: (1) the trial court's findings of fact are not supported by the record because appellee waived his rights to the reading of the indictment, the two-day period before arraignment, and the ten-day preparation period before trial; and (2) the rights at issue—the reading of the indictment, two-day notice requirement, and ten-day preparation period—are granted by statute, and do not implicate constitutional violations. Thus, according to the State, because appellee's grounds for relief raise only alleged violations of state statutes, his claims are not cognizable on habeas corpus.[3] *See Ex parte Graves*, 70 S.W.3d at 109; *Ex parte Sanchez*, 918 S.W.2d at 527. We agree with the State.

The right to a reading of the indictment is established by article 26.11 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.11.[4] The two-day notice

---

[3] The Supreme Court of the United States has held that "when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). "To satisfy this responsibility, we . . . hold that counsel must inform her client whether his plea carries a risk of deportation." *Id.* at 374. *Padilla* does not apply retroactively to cases on collateral review. *See Chaidez v. United States*, 133 S.Ct. 1103, 1113 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 678–79 (Tex. Crim. App. 2013). Thus, "defendants whose conviction became final prior to [March 31, 2010] . . . cannot benefit from [*Padilla's*] holding." *Chaidez*, 133 S.Ct. at 1113. Therefore, appellant cannot rely upon *Padilla* in attempting to establish ineffective assistance of counsel in connection with a 2003 plea bargain.

[4] Article 26.11 provides:

The name of the accused having been called, if no suggestion, such as is spoken of in the four preceding Articles, be made, or being made is disposed of as before directed, the

7

requirement is established by article 26.03.  *See id.* art. 26.03.[5]  A court-appointed counsel's right to ten-days' preparation is established by article 1.051(e) of the code of criminal procedure.  *See id.* art. 1.051(e).[6]  Thus, each of the rights asserted as grounds for habeas relief are granted by state statutes, and violations thereof are therefore not cognizable claims on habeas corpus.  *See Ex parte Graves*, 70 S.W.3d at 109; *Ex parte Sanchez*, 918 S.W.2d at 527.  We sustain the State's issue.

## IV. CONCLUSION

We reverse the trial court's order granting appellee's application for a writ of habeas corpus and render judgment denying the application and reinstating appellee's conviction.


DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2016.

---

indictment shall be read, and the defendant asked whether he is guilty or not, as therein charged.

TEX. CODE CRIM. PROC. ANN. art. 26.11 (West, Westlaw through 2015 R.S.).

[5] Article 26.03 provides:

No arraignment shall take place until the expiration of at least two entire days after the day on which a copy of the indictment was served on the defendant, unless the right to such copy or to such delay be waived, or unless the defendant is on bail.

*Id.* art. 26.03 (West, Westlaw through 2015 R.S).

[6] Article 1.051(e) provides, in pertinent part:

An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court.

*Id.* art. 1.051(e) (West, Westlaw through 2015 R.S.).